## Callas *v.* State.*

(Division B.   Oct. 22, 1928.)

[118 So. 447.   No. 27317.]

*Corpus Juris-Cyc References: Criminal Law, 16CJ, section 2240, p. 896, n. 85; section 2248, p. 902, n. 45; section 2259, p. 910, n. 64; section 2448, p. 1021, n. 52; section 2493, p. 1049, n. 82; Homicide, 30CJ, section 176, p. 31, n. 16; section 623, p. 376, n. 66; p. 378, n. 72; As to necessity of instruction to jury when claim of self-defense is based on threats made by deceased, see 13 R. C. L. 812; Instructions construed together properly expressing law, not open to objection, see 14 R. C. L. 818; 3 R. C. L. Supp. 298; 4 R. C. L. Supp. 922; 5 R. C. L. Supp. 781; 6 R. C. L. Supp. 834; 7 R. C. L. Supp. 471.

*Gardner, Odom & Gardner,* for appellant.

620

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

622

*Means Johnston,* for the state.

PACK, J. Appellant was tried and convicted upon a charge of assault and battery with intent to kill and murder Steve Giones. The court imposed a sentence of two years in the penitentiary, from which conviction and sentence appellant appeals. Both parties are Greeks. Appellant had been employed as a waiter in a cafe in Greenwood. Giones owned and operated a shoe-shine establishment.

The testimony for the state tended to show that appellant walked up to Giones, who was standing in front of a store looking at a display in the show window, and fired three pistol shots at him, two of which took effect in the front of the body. Eight witnesses were introduced by the state, and seven by appellant. The testimony seems to be in conflict on practically every material point. Some of the evidence for the state showed that upon the first shot being fired Giones fell to the pavement, catching upon his knees and hands, and that the other two shots were fired while he was in that position. Giones was unarmed, and was wearing trousers and vest, but no coat. The testimony for the appellant was to the effect that the two men had an altercation the previous night in the cafe where appellant was employed, at which time Giones threatened to kill appellant if he did not leave town by noon the next day; that at the time of the shooting Giones confronted appellant, and demanded that he retract the language used the previous night; that heated words followed, each cursing the other in the Greek language; that Giones made a motion as if to throw his hand to his hip pocket, which appellant considered an effort to carry out the threat of the night before, and, believing his life to be in danger, fired in self-defense. We deem it unnecessary to state further details of the difficulty.

Appellant assigns for error the granting of instruction No. 6 for the state, which reads:

"The court instructs the jury for the state, that mere threats alone made by Steve Giones, against the defendant Peter N. Callas, will not justify the defendant Peter N. Callas in shooting and wounding the said Steve Giones; even though the jury believe from the evidence that the said Steve Giones, threatened the life of the defendant Peter N. Callas, and that the threats were communicated to him, this alone would not justify Peter N. Callas, the defendant, in shooting and wounding the said Steve Giones, unless you further believe from the evidence, that at the time the defendant Peter N. Callas shot the said Steve Giones he, the said Steve Giones, was making some overt act toward the defendant Peter N. Callas."

It is insisted that the vice of this instruction consists in telling the jury that unless Giones was making some overt act toward the appellant at the time of the shooting, he had no right to shoot, etc.; that the overt act would not necessarily have to be made "toward the defendant," but if made in any manner whatever, which appellant construed, and reasonably believed from the circumstances to be an effort to kill him, or to do him some great bodily harm, the shooting would be justifiable.

We do not think the instruction subject to the criticism made. This instruction is identical with instruction No. 6 given the state in *Molphus* v. *State*, 124 Miss. 584, 87 So. 133. This court there upheld it against an able attack therein made on it.

Granting for the argument that the instruction is subject to the fault found by appellant, it is entirely cured by instructions given him, especially instructions Nos. 3, 4, and 5.

Appellant next argues that there was error in granting the state's instruction No. 3, which reads:

"The court instructs the jury for the state, that in order to justify the defendant, Peter N. Callas, in shooting and wounding the said Steve Giones, on the ground of self-defense, the danger to the said defendant Peter N.

Callas, at said time must have been either actual, present and urgent, or the said defendant, Peter N. Callas, must have had reasonable ground to apprehend a design on the part of the said Steve Giones, to kill him, or to do him some great bodily harm, and in addition to this that there was imminent danger of such design being accomplished, and hence the mere fear, apprehension or belief, however sincerely entertained by said defendant, Peter N. Callas, that the said Steve Giones designed to take his life, will not justify the defendant, Peter N. Callas, in shooting and wounding the said Steve Giones. The defendant, Peter N. Callas, may have had a lively apprehension that his life was in danger at the time of the shooting, and believed the grounds of his apprehension just and reasonable, and yet he acts at his own peril. He is not the final judge; the jury must determine the reasonableness of the ground upon which he acted at the time of the shooting.''

Appellant relies upon *Spivey* v. *State*, 58 Miss. 858. The instruction in this case reads:

''Fear or apprehension, however sincerely entertained by the defendant, that the deceased (Bailey) designed and intended to take his life, or to do him some great bodily harm, affords no excuse or justification whatever to the defendant. He may have had a lively apprehension that his life was in imminent danger, and sincerely and truly have believed that the ground of his apprehension was just and reasonable, yet if he acted upon them, and in so doing killed Bailey, he did so at his peril.''

In discussing this instruction the court, through Judge CAMPBELL, said:

''The fifth instruction for the state does not fairly present the principle intended to be announced. It is calculated to mislead by conveying a meaning not intended, and not correct. It is true that in acting on one's apprehensions of danger, and slaying his assailant, he acts at his peril—that is, he takes the risk of what a jury will

determine as to the propriety of his action,—but this instruction fails to tell the jury what peril is meant, and it is highly probable that it conveyed an idea which unduly abridged the right of self-defense from apparent danger.''

By comparison, the difference between that instruction and the one now under consideration will be readily noted. There the right to act upon belief that the accused was in danger of losing his life, or of sustaining great bodily harm, reasonably apprehended from appearances, was denied or abridged; but here this right is preserved. We do not perceive the instruction to be susceptible of the construction placed upon it by the appellant. The clause, ''there was imminent danger of such design being accomplished,'' must be considered in connection with the language that precedes and follows it. When so construed, it conforms to the law announced in *Wesley* v. *State,* 37 Miss. 327, 75 Am. Dec. 62; *Evans* v. *State,* 44 Miss. 762; *Harris* v. *State,* 47 Miss. 318; *Johnson* v. *State,* 54 Miss. 430; *Kendrick* v. *State,* 55 Miss. 436; *Moriarty* v. *State,* 62 Miss. 654.

If there should be merit in appellant's criticism of this instruction, it fades out when the instruction is read in connection with instructions Nos. 2, 3, 4, 5, and 15, granted to appellant, which fully present to the jury in various forms the right of self-defense. It is a cardinal rule that all instructions granted both parties must be construed together, and when so done, if the law is correctly announced, there is no reversible error.

Appellant's next contention is that the argument to the jury of special counsel for the state was improper. The special bill of exceptions recites that counsel, addressing the jury, said:

''Gentlemen of the jury, this is a case of malicious, premeditated, cold-blooded, diabolical, damnable attempt to assassinate, to murder.''

Timely objection was made to this statement, as improper, and being an opinion of counsel. The court ruled that counsel must stay in the record; whereupon counsel stated that the evidence showed it to be the kind of case just described. The special bill further recites that during the same argument special counsel, in reference to the testimony of defendant, further remarked:

"What interest has he got, what interest and what motive? He has more interest than any other living person. I don't blame him. If they had Means Johnston in such a place, I would do it—I might do the same thing."

Objections to these remarks were overruled by the court.

We say, first, that while the language employed was strong, containing an unnecessary use of adjectives, yet counsel predicates it upon the evidence, and if some of the evidence for the state is believed, it would be a cold-blooded attempt to assassinate; and, second, while the court is prohibited from singling out the evidence of any witness, and commenting thereon, this rule is not applicable to attorneys in their argument. It is within their province to comment on the evidence and deduce inferences therefrom, and point out witnesses by name. We hold this not to be reversible error. *Bufkin* v. *State*, 134 Miss. 116, 98 So. 455.

Instruction No. 4 given the state is also challenged by appellant. It reads:

"The court instructs the jury, for the state, that in passing upon the testimony of the witness for the state and for the defendant, that they have the right to take into consideration the interest which any witness may feel in the result of this suit, as shown by the facts and circumstances growing out of the testimony in the case, and to give to the testimony of each and every witness only such weight as they think it entitled to under all the circumstances proven in the trial."

Instructions of like tenor were given appellant. Eight witnesses testified for the state, and seven for the appellant. It was shown that some of the witnesses for appellant had contributed funds toward employing appellant's counsel. It is unlike a case where the defendant alone testifies, or where the instruction definitely points out or refers to the defendant. This principle was condemned in *Buckley* v. *State*, 62 Miss. 705, and the group of cases following it. This instruction, however, is in line with *Vails* v. *State*, 94 Miss. 365, 48 So. 725; *Poole* v. *State*, 100 Miss. 158, 56 So. 184; *Murphy* v. *State*, 119 Miss. 220, 80 So. 636.

We find no reversible error, and the judgment of the lower court is affirmed.

*Affirmed.*