BAILEY *v.* STATE.

(Division B. Jan. 13, 1936. Suggestion of Error Overruled Feb. 10, 1936.)

[165 So. 122. No. 32037.]

**Stone & Stone,** of Coffeeville, and **S. C. Mims, Jr.,** of Grenada, for appellant.

**W. D. Conn, Jr.**, Assistant Attorney-General, for the state.

Argued orally by **W. I. Stone**, for appellant.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant was tried in the circuit court of Grenada county on an indictment for the murder of one Gene Clarady, convicted of manslaughter, and sentenced to serve a term of ten years in the state penitentiary.

The killing occurred at a dance on July 7, 1935. It is unnecessary to set out with particularity the facts in the case since they were conflicting, and, under the evidence,

the jury could have returned a verdict of murder, manslaughter, or a verdict of not guilty. On the part of the state, there was evidence that a son of the deceased was being cut with a knife by Bailey and cried out that they were cutting him to death, or some remark of like effect; that Gene Clarady ran up and there was some sort of scrimmage or struggle in which he was cut with a knife, from which wound he died in a few minutes.

On the part of the defendant, the appellant here, there was evidence that he was being assaulted by Gene Clarady's son and pinioned against the wall when Gene Clarady came into the difficulty, and that in resisting the assault he used his knife in trying to free himself from his persecutors, deeming himself to be in great bodily danger. There was evidence that neither Gene Clarady, nor his son were armed or making any attempt to use weapons.

It is contended that the following instruction given for the state is erroneous, and that because thereof, the case should be reversed:

"The court charges the jury for the state that to make a homicide justifiable, the danger to the slayer must be either actual, present and urgent, or the slayer must have reasonable grounds to apprehend a design on the part of the deceased to kill him or to do him some great bodily harm, and in addition to this, that there was imminent danger of such design being accomplished, and hence mere fear, apprehension or belief, however sincerely entertained by one person, that another designs to take his life will not justify the former in taking the life of the latter party. A party must have a lively apprehension that his life is in danger and believe the grounds of his apprehension just and reasonable, and yet he acts at his peril. He is not the final judge, the jury may determine the reasonableness of the grounds upon which he acted."

It is contended that this language cuts off from the consideration of the jury the danger of bodily harm appre-

hended by the appellant. In our opinion, the instruction is not reversible error, and while it is not full and complete, and, if standing alone, might mislead, still when considered with the instructions given for the appellant, and all the instructions considered as a whole, as they must be, no reversible error was committed. For instance, the appellant procured the following instruction:

"The court instructs the jury for the defendant (appellant) that if they believe from the evidence, or have a reasonable doubt from the evidence, that the deceased was joined in his unjustifiable attack on the defendant by one or more of the sons of the deceased, then the defendant had the right to repel the said attack and to strike and wound and kill with a deadly weapon, if really or apparently necessary to protect himself from death or great bodily harm from the attack of the deceased or those in concert with the deceased in the attack on the defendant."

Other instructions also carried the idea to the jury that they could rely upon the appearance of great bodily harm, and that the appellant could defend himself against any attack reasonably apparent.

We do not think this case can be reversed for the giving of these instructions.

It is next contended that it was error for the state to procure the following instruction given it:

"The court charges the jury for the state that the mere fact, if it be a fact, that the defendant was a smaller man the deceased, and of less powerful build and proportions, and was being assaulted by the deceased and his son with their hands and fists at the time of the fatal difficulty, and was being beaten without excuse or provocation, does not and cannot in law excuse or justify the defendant in taking the life of the deceased."

If this instruction stood alone, under the facts in this case, it would be reversible error under the doctrines announced in Hill v. State, 94 Miss. 391, 49 So. 145, wherein

it was held to be error to refuse the instructions there set forth giving the defendant the right to use a weapon to repel an attack of a character likely to result in great bodily harm or death. In this case at bar, however, the appellant procured the following instruction:

"The court instructs the jury that it is not the law that the defendant must have been resisting an attack with a deadly weapon by the deceased or others at the time the fatal blow was struck. The court instructs the jury that if the deceased was a much larger and stronger man than the defendant, and if the deceased was joined in the attack on defendant by one or more of his sons, so much so that the defendant was wholly and absolutely incapable of offsetting the said attack, and was liable to receive serious and great bodily injuries at the hands of the deceased, or his son or sons, then the defendant was justified in using a deadly weapon to protect himself from the deadly attack of the deceased, even though the deceased was wholly unarmed, and the defendant was in no danger from the deceased except such as might be inflicted by the deceased with his hands or feet; and if the jury have a reasonable doubt as to the occurrence being as above stated, they will acquit the defendant and find him not guilty."

In this instruction the rights of the appellant were announced, and this brings the case at bar squarely within the case of Moore v. State, 144 Miss. 649, 110 So. 216.

Taking all the instructions as an entirety, the jury was clearly informed of the rights of the appellant to repel an assault. We cannot believe that the jury was misled in respect to the rights of the appellant under the law upon this proposition; but we deem it proper to warn the district or prosecuting attorneys against the effect of these principles, especially where there are facts in evidence which, if believed, would make the giving of certain instructions inapplicable.

There are many circumstances that arise from time to

time making it necessary for a person to resist an assault being made against him of a nature likely to cause great bodily harm or death by a person of superior strength, and to use a weapon in such resistance.

We find no reversible error in the record, and the judgment will be affirmed.

Affirmed.