349 So.2d 503 (1977)
Lewis Lamar BRIGHT
v.
STATE of Mississippi.
No. 49788.
Supreme Court of Mississippi.
August 17, 1977.
Buckley & Ford, Travis Buckley, Laurel, for appellant.
*504 A.F. Summer, Atty. Gen. by Pete J. Cajoleas, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., SMITH, P.J., LEE, J., and HESTER, C.
JAMES D. HESTER, Commissioner for the Court:[1]
On May 4, 1975 the appellant, Lewis Lamar Bright, shot and killed Richard Mansell Weaver at the apartment of the appellant's estranged wife. He was indicted and tried for the crime of murder in the Circuit Court of Choctaw County. From a conviction of manslaughter and a ten (10) year penitentiary sentence he appeals. We affirm.
Appellant argues that the trial court erred (1) in granting State's Instructions S-4 and S-5; (2) in refusing to admit testimony which tended to show that deceased had communicated threats to the life of appellant; (3) in overruling appellant's motion for a directed verdict; and (4) in refusing to grant defendant's instruction number ten.
Instruction S-4, to which in the trial court appellant made a general objection, is as follows:
The Court instructs the Jury for the State that to make a homicide justifiable on the grounds of self-defense, the danger to slayer must be either actual, present and urgent, or the slayer must have reasonable grounds to apprehend a design on the part of the deceased to kill him, or to do him some great bodily harm, and in addition to this, that there was imminent danger of such design being accomplished; and, hence mere fear, apprehension or belief, however sincerely entertained by one person that another designs to take his life or to do him some great bodily harm, will not justify the former taking the life of the latter party. A party may have an apprehension that his life is in danger and believe the grounds of his apprehension just and reasonable, and yet he acts at his peril. He is not the final judge; the Jury may determine the reasonableness of the ground upon which he acted.
The same instruction, with insignificant modifications, was attacked in Shields v. State, 244 Miss. 543, 144 So.2d 786 (1962), wherein this Court said:
The third instruction complained of by appellant has been used as a model by the prosecuting attorneys of this State for many years. In the case of Coleman v. State, 22 So.2d 410 (Miss. 1945), this Court said: "This instruction has been approved in the criminal jurisprudence of this State ever since Wesley v. State, 37 Miss. 327 ... and as late as Ransom, et al. v. State, 149 Miss. 262, 115 So. 208. This instruction, with identical language, was approved in the latest case dealing with it, Callas v. State, 151 Miss. 617, 118 So. 447." The instruction was criticized in the case of Bailey v. State, 174 Miss. 453, 165 So. 122; nevertheless, the Court finally said: "In our opinion, the instruction is not reversible error ...".
Since the decision in the Bailey case, this instruction has been approved and followed many times. Turner v. State, 220 So.2d 295 (Miss. 1969); Holmes v. State, 199 Miss. 137, 24 So.2d 90. The assigned error, is, therefore, without merit.
Appellant's contention that the granting of Instruction S-5 constitutes reversible error because it cut off the defendant's defense of self-defense is an assignment of error not properly preserved for review by this Court.
Appellant's entire trial court objection to State's Instruction S-5 was that "it does not properly state the law and especially so after considering the testimony in this case." In Entrican v. State, 309 So.2d 851 (Miss. 1975), the same general objection was held to be subject to Rule 14 of the Uniform Rules of the Circuit Courts of Mississippi, adopted February 13, 1971, and Rule 42 of *505 the Rules of the Supreme Court of Mississippi.
Rule 14 of the Uniform Rules of the Circuit Courts of Mississippi provides in part:
When the requested instructions are submitted to the court at the conclusion of the taking of testimony the opposing attorney shall dictate into the record his specific objections to the requested instruction and specifically point out his grounds for objection. (Emphasis added).
Rule 42 of the Rules of the Supreme Court of Mississippi provides, among other things, that:
No assignment of error based on the giving of an instruction to the jury will be considered on appeal unless specific objection was made to the instruction in the trial court stating the particular ground or grounds for such objection. However, in extreme cases this Court may raise an objection to a jury instruction in order to prevent manifest injustice. (Emphasis added).
In Woods v. State, 183 Miss. 135, 184 So. 311 (1938), the Court said:
While it is true that it is a rare case in which this instruction is proper, it has been upheld in numerous cases when the facts necessary to sustain it are in evidence.
When all of the instructions are considered together, the inescapable conclusion is that the jury was generously instructed at the request of appellant on the law of self-defense, justifiable homicide, the burden of the State to prove that appellant did not kill the deceased in self-defense, and the right of the accused to shoot deceased to avoid the loss of life or to prevent great bodily harm to himself. Consequently, the trial court did not err in refusing to grant appellant's requested instruction number ten.
There was no testimony elicited from any eyewitness to the homicide. The defense testimony consisted of five character witnesses establishing defendant's reputation for peace or violence. It was only by virtue of the testimony of investigating law enforcement officers, testifying as to what defendant told them at the scene of the homicide, which formed the basis of any of the elements requisite to the granting of any instruction on self-defense or justifiable homicide. According to the testimony of Malcolm McMinn, Chief of Police of Ackerman, appellant, who, having previously armed himself with a shotgun, made the following statement at the scene of the shooting: "I knew he was in there, and I just couldn't stand it,"  a statement at variance with appellant's theory of self-defense. Viewing the testimony in the light most favorable to appellant, the verdict was manifestly correct, and any other would have been clearly against the law and the facts. For these reasons, the court properly refused appellant's request for a directed verdict.
Lastly, appellant contends that the court erred in refusing to admit testimony which tended to show that the deceased had communicated threats on the life of the appellant. There was no proof, by proffer or otherwise, that any threat made by deceased upon the life of appellant had been communicated to appellant. While an uncommunicated threat may be admitted for the purpose of establishing the state of mind of a person, we have reviewed the proffer of testimony made by appellant and fail to find therein any threat made by the deceased upon the life of appellant.
For these reasons, the lower court did not err in refusing to admit the testimony proffered by the appellant. Brice v. State, 167 Miss. 255, 148 So. 348 (1933).
No prejudicial error having been committed in Bright's trial, and the verdict of the jury finding him guilty of manslaughter being supported by the evidence, the judgment and sentence should be and is hereby affirmed.
AFFIRMED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.
NOTES
[1] pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.