418 So.2d 832 (1982)
Jerry JONES
v.
STATE of Mississippi.
No. 53770.
Supreme Court of Mississippi.
August 25, 1982.
Robert L. Lancaster, Columbus, for appellant.
Bill Allain, Atty. Gen. by Amy D. Whitten, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and BROOM and ROY NOBLE LEE, JJ.
WALKER, Presiding Justice, for the Court:
This is an appeal from the Circuit Court of Lowndes County, Mississippi, wherein the appellant was convicted of aggravated assault and sentenced to serve a term of twelve years with the Mississippi Department of Corrections. Aggrieved with this judgment and sentence, he appeals. We affirm.
*833 Appellant first assigns as error the lower court's granting of State's Instruction 4 which reads as follows:
The Court instructs the Jury that to make an assault justifiable on the grounds of self defense, the danger to the defendant must be either actual, present and urgent, or the defendant must have reasonable grounds to apprehend a design on the part of the victim to kill, or to do him some great bodily harm, and in addition to this, that there was imminent danger of such design being accomplished; and, hence, mere fear, apprehension or belief, however sincerely entertained by one person that another designs to take his life or to do him some great bodily harm, will not justify the former making an assault on the latter party. A party may have an apprehension that his life is in danger and believe the grounds of his apprehension just and reasonable, and yet he acts at his peril. He is not the final judge; the Jury may determine the reasonableness of the grounds upon which he acted.
He contends this instruction was erroneously granted as it is misleading and prejudicial in that, by its language, it suppresses his right to act upon reasonable appearances. He further argues the instruction adds to the requirement of either real or apparent danger, the additional element of imminent danger without the qualification that the imminency may be also apparent only.
Although the above instruction is not perfectly written, we find appellant's argument lacks merit as similar instructions have been approved by this Court in many cases including: Bright v. State, 349 So.2d 503 (Miss. 1977); Turner v. State, 220 So.2d 295 (Miss. 1969); Coleman v. State, 22 So.2d 410 (Miss. 1945); Bailey v. State, 174 Miss. 453, 165 So. 122 (1936); Callas v. State, 151 Miss. 617, 118 So. 447 (1928).
The inclusion of the adjective "apparent" preceding the term imminent danger may be desirable but its omission does not constitute reversible error in this case.
The remaining assignment of error is without merit, as we are of the opinion that when all granted instructions are read together, the jury was properly instructed. This case is, therefore, affirmed.
AFFIRMED.
PATTERSON, C.J., SUGG, P.J., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.