WALKER, Presiding Justice,
for the Court.
This is an appeal from the Circuit Court of Monroe County, wherein the appellant was indicted and tried for murder. The jury returned a verdict of manslaughter and the appellant was sentenced to serve a term of twelve years in the custody of the Mississippi Department of Corrections.
At trial the state introduced Officer Larry Jefferies of the Aberdeen Police Department. He testified that on September 27, 1980 he received a call about 2:10 p.m. that there had been a shooting at 600 Catlee Street. Approximately three minutes later, he arrived at the home of Beatrice Hale, where he found James Robert Wilson, the victim, lying across the front porch dead.
Officers West and Jefferies, along with Chief Williams, testified that no weapon was found on or near the victim.
The appellant first contends that his conviction must be reversed because it is *1372 against the overwhelming weight of the evidence. This contention is without merit. The state produced ample evidence to support the jury’s verdict. When there is conflicting evidence, it is up to the jury to resolve these conflicts. In this case we are unable to say the verdict is manifestly against the weight of the credible evidence. See Maiben v. State, 405 So.2d 87 (Miss.1981).
The appellant next contends that his conviction must be reversed because the trial court granted Instruction S-3 and failed to grant Instructions D-4 and D-5. All of these instructions deal with the appellant’s self-defense claim. Instruction S-3, which was granted, provides:
The Court instructs the Jury that to make a homicide justifiable on the grounds of self-defense, the danger to the defendant in this case, Ernest Lenoir, must be either actual, present and urgent, or the defendant must have reasonable grounds to apprehend and in fact, apprehend a design on the part of the deceased to kill him or to do him some great bodily harm, and, in addition to this, that there was imminent danger of such design being accomplished; and hence, mere fear, apprehension, or belief, however sincerely entertained by one person, that another designs to take his life or to do him some great bodily harm will not of itself justify the fromer (sic) in taking the life of the latter party. A party may have an apprehension that this life is in danger, and believe the grounds of his apprehension just and reasonable, and yet, he acts at his peril; he is not the final judge; the Jury may determine the reasonableness of the grounds upon which he acted.
The appellant argues that the phrase “imminent danger of such design being accomplished” cuts off his right to act in self-defense, since it does not point out that the imminent danger may also be “apparent.” This same argument was presented in Jones v. State, 418 So.2d 832 (Miss.1982), wherein the Court stated:
Although the above instruction is not perfectly written, we find appellant’s argument lacks merit as similar instructions have been approved by this Court in many cases including: Bright v. State, 349 So.2d 503 (Miss.1977); Turner v. State, 220 So.2d 295 (Miss.1969); Coleman v. State, 22 So.2d 410 (Miss. (1945); Bailey v. State, 174 Miss. 453, 165 So. 122 (1936); Callas v. State, 151 Miss. 617, 118 So. 447 (1928).
The inclusion of the adjective “apparent” preceding the term imminent danger may be desirable but its omission does not constitute reversible error in this case.
418 So.2d 833. Although the instruction is not perfect as written, it adequately informed the jury of the appellant’s self-defense claim. Accordingly, the trial court committed no error in this regard.
In Robinson v. State, 434 So.2d 206 (Miss.1983), although this Court did not condemn a similar instruction and reverse the case, we said:
Although a majority of the Court is of the opinion that the instruction does correctly state the law, several other Judges are of the opinion that it is too long, redundant and confusing.
In the future, it might be wise for district attorneys to substitute the following instruction for the one quoted above:
The court instructs the jury that to make a killing justifiable on the grounds of self-defense, the danger to the defendant must be either actual, present and urgent, or the defendant must have reasonable grounds to apprehend a design on the part of the victim to kill him or to do him some great bodily harm, and in addition to this he must have reasonable grounds to apprehend that there is imminent danger of such design being accomplished. It is for the jury to determine the reasonableness of the ground upon which the defendant acts.
Being of the opinion that the remaining assignments of error are without merit, the judgment and sentence of the Circuit Court are affirmed.
AFFIRMED.
*1373 PATTERSON, C.J., BROOM, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.