473 So.2d 164 (1985)
James Willie FLOWERS
v.
STATE of Mississippi.
No. 54761.
Supreme Court of Mississippi.
July 10, 1985.
Mike L. Cordell, Hollandale, for appellant.
Bill Allain, Atty. Gen. by Henry C. Clay, III, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and DAN M. LEE and SULLIVAN, JJ.
PATTERSON, Chief Justice, for the Court:
This is an appeal from the Circuit Court of Washington County, wherein James Willie Flowers was indicted for murder, convicted of manslaughter and sentenced to twelve (12) years imprisonment. We reverse and remand for a new trial.
It is undisputed that the night of Christmas Eve, 1981, or the early morning hours of Christmas Day, James Willie Flowers shot and killed Joe Lee Edison in the Blue Note Cafe in Greenville. State's witnesses testified that Flowers' gun was the only visible weapon in the nightclub at the time of the incident. Besides being replete with contradictions on minor points, this evidence conflicts squarely with defense testimony that Flowers shot Lee because Lee and his brother had two guns pointed at him, thereby doubtlessly causing him to fear for his own life. The jury resolved the conflict by finding Flowers guilty of manslaughter.
Flowers assigns two errors, one of which is that the court improperly granted State's Instruction S-2, set out below:
The court instructs the jury that to make a homicide justifiable on the ground of self-defense, the danger to the slayer must be either actual, present and urgent, or the slayer must have reasonable grounds to apprehend a design on the part of the deceased to kill him, or to do him great bodily harm, and in addition to this that there was imminent danger of such design being accomplished, and hence mere fear, apprehension or belief, however sincerely entertained by the slayer, that another designs to take his life or to do him great bodily harm will not justify the slayer in taking the life of the latter party. The slayer may have a lively apprehension that his life *165 is in danger or that he is in danger of great bodily harm, and believe the grounds of his apprehension just and reasonable, and yet he acts at his own peril. He is not the final judge; the jury may determine the reasonableness of the grounds on which he acted.
If you believe from the evidence in this case beyond a reasonable doubt that the defendant, James Willie Flowers, did unlawfully, willfully, feloniously and of his malice aforethought shoot and kill Joe Lee Edison, a human being, at a time when he, the said James Willie Flowers, was not in any imminent danger of great bodily harm either real or apparent being inflicted upon him, then it is your sworn duty to find the defendant, Willie James Flowers, guilty of murder. (Emphasis added.)
At trial defense counsel objected to the language here emphasized and sought to correct it by amendment.
As early as 1936, this Court held an almost identical instruction would have been reversible error had it not been accompanied by one which emphasized the defendant's right of self-defense. Bailey v. State, 174 Miss. 453, 165 So. 122 (1936).
Until 1983, we upheld with little comment the continued use of this instruction. E.g. Shields v. State, 244 Miss. 543, 144 So.2d 786 (1962); Coleman v. State, 22 So.2d 410 (Miss. 1945).
However, in Robinson v. State, 434 So.2d 206 (Miss. 1983), the instruction received more than cursory attention. Having reviewed the case law controlling the issue, the majority opinion stated, "Although a majority of the court is of the opinion that the instruction does correctly state the law, several other Judges are of the opinion that it is too long, redundant and confusing." 434 So.2d at 207. The court then advised District Attorneys to employ a proffered alternative instruction. Accord Lenoir v. State, 445 So.2d 1371 (Miss. 1984).
The instruction again came under attack in Scott v. State, 446 So.2d 580 (Miss. 1984). Although the case was reversed on other grounds, the court addressed the issue of the granting of Instruction S-8, similar to S-2:
Recently, in Robinson v. State, (citation omitted) this Court condemned an instruction similar to S-8. This is so because the instruction is self-contradictory and confusing. The troublesome part is the first sentence of the final paragraph. If a party has "an apprehension that his life is in danger" and believes "the grounds of his apprehension just and reasonable" a homicide committed by that party is in self-defense. These are the grounds upon which a claim of self-defense must be predicated. (citations omitted) A party acting upon this principle does not "act at his peril." ...
Our decision today should be a clear indication that instructions such as S-8 are condemned and should not be used upon retrial of this matter.

446 So.2d at 583-84.
Finally, in Bebley v. State, 456 So.2d 755, 756 (Miss. 1984), the Court stated, "Any use of the instruction in cases tried after Robinson was published will be closely scrutinized. A word to the wise should be sufficient." Although this case was tried approximately five months prior to the publication of Robinson, we nevertheless are of the opinion the granting of the instruction requires reversal because of the factual closeness of this case.
It appears from our review that criticism by this Court is construed to mean this instruction is approved for continued use. We intend precisely the opposite effect, that its use be discontinued. Presently to remove any such doubt, we now condemn Instruction S-2 and forthrightly hold it constitutes reversible error in this case and will be so considered in future cases.
Insofar as they held this instruction was a proper statement of the law, the following cases are hereby overruled: Robinson v. State, 434 So.2d 206 (Miss. 1983); Drungo v. State, 409 So.2d 1323 (Miss. 1982); Bright v. State, 349 So.2d 503 (Miss. 1977); *166 Corbin v. State, 220 So.2d 299 (Miss. 1969); Shinall v. State, 199 So.2d 251 (Miss. 1967); Shields v. State, 244 Miss. 543, 144 So.2d 786 (1962); Dobbs v. State, 200 Miss. 595, 27 So.2d 551, 29 So.2d 84 (1947); Holmes v. State, 199 Miss. 137, 24 So.2d 90 (1945); Coleman v. State, 22 So.2d 410 (Miss. 1945); Bailey v. State, 174 Miss. 453, 165 So. 122 (1936); Callas v. State, 151 Miss. 617, 118 So. 447 (1928); Ransom v. State, 149 Miss. 262, 115 So. 208 (1928); Johnson v. State, 140 Miss. 889, 105 So. 742 (1925); Scott v. State, 56 Miss. 287 (1879); Kendrick v. State, 55 Miss. 436 (1877); Evans v. State, 44 Miss. 762 (1871); Head v. State, 44 Miss. 731 (1871); and Wesley v. State, 37 Miss. 327 (1859).
Flowers also contends he is entitled to a new trial because his conviction was against the overwhelming weight of the evidence. Viewed as a whole, the State's evidence is fraught with inconsistencies, some of which rise to the level of incredulity. For instance, we find very doubtful the witness' testimony that an unarmed, unintoxicated individual (George Edison) pursued onto a dark street the man (Flowers) who had just shot his brother (Joe Lee Edison) in cold blood and who was still carrying a weapon. Moreover, there is evidence that the pursuing witness was also firing a pistol in the direction of Flowers who was fleeing.
Although we do not reverse on the insufficiency of the State's evidence, we address the issue to emphasize it is especially important in a factually close case that the jury be properly instructed. As stated in the dissent in Bebley v. State, "In the event any juror was doubtful, the state's instruction, that has been condemned by this Court a number of times, would tend to influence that juror's decision." 456 So.2d at 757 (Bowling, J., dissenting).
In this case, with evidence conflicting in every possible degree as to the material facts, we think it likely that Instruction S-2 unfairly diluted Flowers' evidence that he fired in self-defense. In our opinion the instruction had the likely effect of denying the appellant his legal right to a proper self-defense instruction based upon the evidence.
For the reasons stated, this case is reversed and remanded.
REVERSED AND REMANDED.
HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
ROY NOBLE LEE and WALKER, P.JJ., dissent.
ROY NOBLE LEE, Presiding Justice, dissenting:
I would not reverse the conviction and judgment in this case because of the State's Instruction S-2, nor would I overrule eighteen (18) cases of this Court decided from 1859 to 1983 holding the instruction not to be reversible error. Therefore, I dissent.
Instruction S-2 may be unwieldy and not artfully drawn, but it does correctly state the law regarding self-defense. It properly sets out the law that (1) fear, apprehension or belief, however, sincerely entertained by the slayer ... will not justify the taking of the victim's life; (2) the slayer may have a lively apprehension that his life is in danger or that he is in danger of great bodily harm, and believe the grounds of his apprehension just and reasonable, and yet he acts at his own peril; (3) he is not the final judge, the jury may determine the reasonableness of the grounds on which he acted.
The concluding paragraph of the instruction states:
If you believe from the evidence in this case beyond a reasonable doubt that the Defendant, James Willie Flowers, did unlawfully, wilfully, feloniously and of his malice aforethought shoot and kill Joe Lee Edison, a human being, at a time when he, the said James Willie Flowers, was not in any imminent danger of great bodily harm either real or apparent being inflicted upon him, then it is your sworn duty to find the Defendant, Willie James Flowers, guilty of murder.
*167 That statement concisely and clearly states what is required in a self-defense plea, viz, there must be imminent danger of great bodily harm, either real or apparent, being inflicted, determined by a reasonable person.
In Lenoir v. State, 445 So.2d 1371 (Miss. 1984), the identical instruction was assigned as error and considered by the Court. Citing a number of the cases which the case sub judice overrules, we held that the instruction does not constitute reversible error. The entire Court concurred.
The test on a self-defense plea is not whether the accused is frightened and fearful that he will suffer great bodily harm or loss of life. The test is whether or not a reasonable person had reasonable grounds to fear, and did fear, for his life or great bodily harm. Those questions are for the jury to determine, and Instruction S-2 sufficiently stated the law to the jury.
Flowers contends that he is entitled to a new trial because his conviction was against the overwhelming weight of the evidence. The majority opinion sets forth that the State's evidence is fraught with inconsistencies and that the case is weak. However, the case is not reversed on the insufficiency of the State's evidence. If the case were reversed on that ground, under Burks v. State, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), the appellant should be discharged. On the other hand, if the verdict is against the weight of the evidence, it could be reversed for a new trial and would not constitute former jeopardy. See Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); May v. State, 460 So.2d 778, 781 (Miss. 1984). If the case, on the facts, is as close as the majority opinion indicates, then it appears that it might be against the overwhelming weight of the evidence. In my view, if the case is to be reversed, it should be reversed on that ground rather than on Instruction S-2.
Therefore, I dissent from the majority opinion.
WALKER, P.J., joins this dissent.