Instruction S-3 concerns an affirmative defense of self-defense and, as submitted, when combined with the refusal of a manslaughter instruction, is tantamount to a peremptory instruction for the State. Instructions such as S-3 have been repeatedly condemned by this Court as misstatements of the law, often requiring reversal. See Tigner v. State, 478 So.2d 293
(Miss. 1985); Flowers v. State, 473 So.2d 164 (Miss. 1985).
Instruction S-3 granted the State in this case over Barnett's objection reads:
 The Court instructs the Jury that if you believe from the evidence in this case beyond a reasonable doubt that the Defendant, Charles Barnett, armed himself with a deadly weapon and sought Robert Harmon, III with the formed felonious intention of invoking a difficulty with Robert Harmon, or brought on, or voluntarily entered into any difficulty with Robert Harmon with the designed and felonious intent to cause serious bodily harm to Robert Harmon then the Defendant, Charles Darren Barnett, cannot invoke the law of self-defense no matter how imminent the peril in which Barnett found himself.
The portion of the instruction condemned in Flowers, supra,
which is similar to the instant instruction read as follows:
 If you believe from the evidence in this case beyond a reasonable doubt that the *Page 1382 
defendant, James Willie Flowers, did unlawfully, willfully, feloniously and of his malice aforethought shoot and kill Joe Lee Edison, a human being, at a time when he, the said James Willie Flowers, was not in any imminent danger of great bodily harm either real or apparent being inflicted upon him, then it is your sworn duty to find the defendant, Willie James Flowers, guilty of murder.
473 So.2d at 165. In condemning the foregoing instruction, we stated
 It appears from our review that criticism by this Court is construed to mean this instruction is approved for continued use. We intend precisely the opposite effect, that its use be discontinued. Presently to remove any such doubt, we now condemn Instruction S-2 and forthrightly hold it constitutes reversible error in this case and will be so considered in future cases.
Id.
According to the majority at page 2,
 Harmon [the victim] went to the car, got a hair brush and threw it down, and then pulled out a knife. Barnett picked up a shovel, and David Barnett went behind the trailers and came back with a metal pipe.
 According to some of the witnesses, Barnett [the Appellant herein] tapped Harmon with the shovel, and according to others, they did not see it."
Under these facts, it was for the jury, and not the court, to determine whether self defense was applicable. The refusal of a manslaughter instruction where, as here, there was a serious question as to who provoked whom, combined with the granting of Instruction S-3, supra, effectively preempted the Appellant from any defense. See discussion in Robinson v. State,434 So.2d 206 (Miss. 1983), overruled by Flowers v. State,473 So.2d 164 (Miss. 1985).
Accordingly, this Court should reverse and remand for a new trial. Therefore, I respectfully dissent.