CARLTON, J,
 

 for the Court:
 

 ¶ 1. On May 6, 1996, a Lowndes County grand jury indicted Edward Lamon Blunt for the murder of Michael Taylor. Following a jury trial in August 1996, a jury convicted Blunt of murder. Blunt received a life sentence in the custody of the Mississippi Department of Corrections (MDOC). This Court affirmed Blunt’s conviction on direct appeal in an unpublished opinion dated June 30, 1998 (96-KA-01095-COA).
 
 Blunt v. State,
 
 726 So.2d 596 (Miss.Ct.App. 1998). Attorney Richard Burdine represented Blunt at both his trial and before this Court on appeal. New counsel represented Blunt in his petition for post-conviction relief and in this current appeal.
 

 ¶ 2. With new representation, Blunt, in accordance with Mississippi Code Annotated section 99-39-27 (Supp.2010), filed an application on June 26, 2001, with the Mississippi Supreme Court for leave to proceed in the trial court on a motion for post-conviction relief. The supreme court granted Blunt’s motion, and he thereafter filed his motion for post-conviction relief on December 11,2002, alleging that he had received constitutionally ineffective assistance of counsel at his trial and on direct appeal. The circuit court ordered the State to file a response to Blunt’s motion for post-conviction relief. The circuit court held evidentiary hearings on August 18, 2008, and on February 9, 2009, in which Blunt called an expert witness and his trial attorney as witnesses. The State called Dr. Steven Hayne, who had served as the State’s expert witness at the 1996 trial.
 

 ¶ 3. The circuit court entered an order denying Blunt’s motion for post-conviction relief on February 27, 2009, and Blunt filed his notice of appeal on March 19, 2009. On appeal, Blunt argues that the circuit court erred in denying his motion for post-conviction relief, as Blunt asserts that he proved that he had received ineffective assistance of counsel at trial.
 

 ¶ 4. We find that Blunt received ineffective assistance of counsel at his murder trial, based on trial counsel’s request for an improper self-defense instruction. Therefore, we reverse and remand this case for a new trial. Since we reverse based on plain error created by the defense counsel’s requested self-defense instruction, we do not address the remaining alleged errors.
 

 
 *209
 
 FACTS
 

 ¶ 5. In the early morning hours of January 6, 1996, Blunt sat in his ear outside a radio station in Columbus, Mississippi, waiting for a friend to complete his shift as a deejay. According to Blunt, Taylor, the deceased, approached Blunt’s car and reached in as if to choke Blunt. Taylor apparently suffered from schizophrenia, which, if left untreated, caused Taylor to suffer from delusions and exhibit violent behavior. In fact, earlier in the night, before he encountered Blunt, Taylor had instigated a number of violent confrontations with residents in his neighborhood.
 

 ¶ 6. According to witnesses, Taylor approached Blunt claiming that Taylor was God. An altercation ensued during which Blunt admitted to hitting Taylor on the head twice with a tire tool he retrieved from his car. Taylor walked away from the scene of the altercation with Blunt. Taylor’s mother found his body later that day, slumped over the bathtub in the bathroom of his home.
 

 ¶ 7. After an investigation, the State charged Blunt with Taylor’s murder. At trial, Dr. Hayne, who had conducted the autopsy of Taylor’s body, testified as an expert for the State that Taylor had died as a result of blunt-force trauma to his head. Dr. Hayne testified that the injuries which caused Taylor’s death were consistent with Taylor being hit with a tire tool.
 

 STANDARD OF REVIEW
 

 ¶ 8. “In reviewing a trial court’s decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous. However, when reviewing issues of law, this Court’s proper standard of review is de novo.”
 
 Heafner v. State,
 
 947 So.2d 354, 356 (¶ 2) (Miss.Ct.App.2007) (internal citations omitted).
 

 DISCUSSION
 

 Ineffective Assistance of Counsel
 

 ¶ 9. Blunt argues that he received ineffective assistance of counsel at trial because his trial counsel, Burdine: (1) failed to make an investigation prior to the trial, (2) failed to use readily available exculpatory evidence in his defense, (3) failed to obtain an expert witness to testify as to Taylor’s cause of death, (4) failed to object to the jury instructions and to improper argument by the State which impermissi-bly vouched for the credibility of the State’s witnesses and appealed to the passions and prejudices of the jury, (5) failed to object to the prosecution’s closing argument that the jury’s decision need not be unanimous, and (6) failed to render effective assistance on appeal.
 

 ¶ 10. Blunt argues that Burdine failed to object to the jury instructions, and as a result, the instructions given to the jury prevented it from considering Blunt’s defenses of manslaughter and self-defense. Specifically, Blunt alleges that Burdine rendered ineffective assistance of counsel by his (1) failure to distinguish between malice murder and manslaughter, (2) failure to distinguish between depraved-heart murder and manslaughter, (3) failure to instruct the jury that Blunt had no duty to retreat, (4) failure to instruct the jury properly on self-defense, and (5) objecting to the State’s proffered instruction on imperfect self-defense.
 

 ¶ 11. In
 
 Strickland v. Washington,
 
 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court held that: “The benchmark for judging any claim of ineffectiveness [of counsel] must be whether counsel’s conduct so undermined the proper functioning
 
 *210
 
 of the adversarial process that the trial cannot be relied on as having produced a just result.”
 
 See Gilliard v. State,
 
 462 So.2d 710 (Miss.1985) (adopting the
 
 Strickland
 
 test for reviewing claims of ineffective assistance of counsel). In order to prevail on a claim of ineffective assistance of counsel, Blunt must satisfy a two-pronged analysis and show that: (1) counsel’s performance was deficient, and (2) counsel’s deficiencies deprived him of a fair trial.
 
 Nix v. State,
 
 8 So.3d 141, 144 (¶ 12) (Miss.2009) (citing
 
 Stringer v. State,
 
 454 So.2d 468, 476 (Miss.1984)). Furthermore, the defendant faces a strong but rebuttable presumption that counsel’s performance falls within the broad spectrum of reasonable professional assistance.
 
 Id.
 
 at (¶ 13). Additionally, we presume that counsel’s decisions are strategic.
 
 Leatherwood v. State,
 
 473 So.2d 964, 969 (Miss.1985) (citing
 
 Murray v. Maggio,
 
 736 F.2d 279, 282 (5th Cir.1984)). Accordingly, “judicial scrutiny of counsel’s performance must be highly deferential.... [A] fair assessment of [an] attorneyfs] performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel’s challenged conduct, and to evaluate the conduct from counsel’s perspective at the time.”
 
 Strickland,
 
 466 U.S. at 669, 104 S.Ct. 2052.
 

 ¶ 12. When examining a claim of ineffective assistance of counsel, we conduct a de novo review of the record as a whole to determine whether there is a deficiency in the trial counsel’s performance, and if so, whether the deficiency prejudiced the defendant.
 
 See Kambule v. State,
 
 19 So.3d 120,122 (¶ 6) (Miss.Ct.App. 2009). The Mississippi Supreme Court has held that the appellate courts must look at the totality of the circumstances in determining whether trial counsel’s performance was deficient.
 
 Parker v. State,
 
 30 So.3d 1222, 1223 (¶ 37) (Miss.2010). The appellant bears the burden of proving that trial counsel’s performance was deficient and prejudicial.
 
 Id.
 
 Finally, a defendant has no constitutional right to error-less counsel, only competent counsel.
 
 Id.
 

 ¶ 13. Despite the high burden on Blunt to show that Burdine rendered ineffective assistance, we find that Blunt has demonstrated both a deficiency on Bur-dine’s part and prejudice as a result of the deficiency. Burdine requested only one jury instruction, Instruction D-l, at the close of' Blunt’s trial. The circuit court granted the instruction, which contained in incorrect recitation of the law on self-defense in Mississippi. Instruction D-l reads, in part, as follows:
 

 The [c]ourt instructs the [j]ury that the [defendant, Edward Lamon Blunt is claiming that the killing of Michael Taylor was done in self[-]defense and thus under the law [was] a justifiable homicide. To make a killing justifiable on the grounds of self[-]defense, the danger to the [defendant must not have been created, initiated or caused by him; the danger must be either actual, present, and urgent or the defendant must have reasonable grounds to apprehend a design on the part of the victim to kill, or do some great bodily harm to him, and in addition to this, that there was apparent imminent danger of such design being accomplished.
 
 Hence, the mere fear, apprehension or belief, however sincerely entertained by one person that another designs to take his life or to do him some great bodily harm, will not justify the accused taking the life of the deceased. A party may have an apprehension that his life is in danger and believe the grounds of his apprehension just and reasonable, and yet he acts at his peril. He is not the final judge; the [jjury may determine the reasonable
 
 
 *211
 

 ness of the grounds upon which he acted.
 

 (Emphasis added).
 

 ¶ 14. The supreme court in
 
 Flowers v. State,
 
 473 So.2d 164, 165 (Miss.1985) condemned almost identical language in a jury instruction. Following a lengthy discussion of earlier criticism of similar instructions, the supreme court stated the following:
 

 It appears from our review that criticism by this Court is construed to mean this instruction is approved for continued use. We intend precisely the opposite effect, that its use be discontinued. Presently to remove any such doubt, we now condemn Instruction S-2 and forthrightly hold it constitutes reversible error in this case and will be so considered in future eases.
 

 Id.
 
 Relying on
 
 Flowers,
 
 the supreme court in
 
 Johnson v. State,
 
 908 So.2d 758, 764 (¶ 22) (Miss.2005) noted that an instruction like the one Burdine requested in Blunt’s trial “is contradictory and confusing and does not correctly state the applicable law because one acting in self-defense does not act at his own peril.” The
 
 Johnson
 
 court held that the jury instructions in his case were prejudicial. The
 
 Johnson
 
 court reversed and remanded the case for a new trial.
 
 Id.
 

 ¶ 15. The
 
 Flowers
 
 court unequivocally condemned jury instructions such as the one Burdine offered in 1987. Blunt’s trial took place in 1996, nearly ten years after the supreme court had determined that the use of jury instructions of that type constituted reversible error. Burdine’s request of this instruction certainly satisfies the first prong of the
 
 Strickland
 
 analysis and shows that Burdine’s performance was deficient.
 

 ¶ 16. To satisfy the second prong of the
 
 Strickland
 
 analysis, Blunt must show that the deficient performance prejudiced the outcome of his trial. We find Blunt has met this burden. Blunt admits that he hit Taylor, but he asserted at trial that he had acted in self-defense. Blunt’s entire theory of defense centered on Taylor being the initial aggressor and Blunt hitting Taylor in self-defense. Bur-dine’s proffered jury instruction misstated the law on self-defense to the jury, and it essentially left Blunt with no instruction on his theory of the defense. Since the instruction constituted an improper statement of law that was not corrected by other instructions, this Court may review the effect of the improper instruction of the jury under the plain-error doctrine. In order to prevail under the plain-error doctrine, an appellant must show that there was an error in the trial court and that the error resulted in a “manifest miscarriage of justice.”
 
 Flora v. State,
 
 925 So.2d 797, 811 (¶ 42) (Miss.2006) (quoting
 
 Williams v. State,
 
 794 So.2d 181, 187 (¶ 23) (Miss.2001) (overruled on other grounds)). Furthermore, this Court may only apply the plain-error doctrine when the error complained of affects a defendant’s fundamental or substantial rights.
 
 Id.
 
 (citing
 
 Grubb v. State,
 
 584 So.2d 786, 789 (Miss.1991)). Burdine’s proffered jury instruction no doubt prejudiced Blunt, whose due-process rights include the right to a properly instructed jury.
 
 See Shaffer v. State,
 
 740 So.2d 273, 282 (¶ 31) (Miss.1998) (holding that the trial court’s failure to instruct the jury properly on the elements of the crime charged implicated Justin Shaffer’s due-process rights);
 
 but see Kolberg v. State,
 
 829 So.2d 29, 50-51 (¶40) (Miss.2002) (employing a harmless-error analysis to a challenge to jury instructions).
 

 ¶ 17. Because we find Burdine’s request of Jury Instruction D-l constituted a deficient performance of trial counsel and caused actual prejudice to Blunt, we find that Blunt has met his burden of
 
 *212
 
 showing that he received ineffective assistance of counsel at trial. We, therefore, reverse the circuit’s denial of Blunt’s motion for post-conviction relief and remand this case for a new trial consistent with this opinion.
 

 ¶ 18. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
 

 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. MYERS, P.J., NOT PARTICIPATING.