LEE, C.J.,
dissenting:
¶ 37. The majority is correct that using the “at peril” language is error. However, I would find the inclusion of this language is plain error meriting reversal; thus, I respectfully dissent. In reversing for a similar instruction, the Flowers court stated: “Presently[,] to remove any such doubt, we now condemn [i]nstruction[s] [containing similar language] and forthrightly hold it constitutes reversible error in this case and will be so considered in future cases.” Flowers v. State, 473 So.2d 164, 165 (Miss.1985). The majority notes that the Flowers court did not mention whether it was applying a harmless-error or plain-error standard of review. Regardless of which review the court applied, its intent was clear — the “at peril” language constitutes reversible error. The Flowers court did -not say whether it found the language questionable under a harmless-error or plain-error review; it simply found the language improper.
¶ 38. The majority contends that the other self-defense jury instructions given were sufficient to overcome any confusion resulting from the instruction containing the “at peril” language. The majority does recognize that the jury in Johnson was given three self-defense instructions and one defense-of-others instruction. Even though the jury received these self-defense instructions, the court in Johnson still concluded that the instruction containing the “at peril” language was “contradictory and confusing and d[id] not correctly state the applicable law because one acting in self-defense does not act at his own peril. This instruction constitutes revers *549 ible error.” Johnson v. State, 908 So.2d 758, 764 (¶ 20) (Miss.2005). The Johnson court clearly determined that the “at peril” language was reversible error, regardless of any additional self-defense instructions given to the jury.
¶ 39. The plain-error doctrine has been construed to include error that is plain and which “seriously affectfs] the fairness, integrity!,] or public reputation of judicial proceedings.” United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (citation and internal punctuation omitted). As this Court stated in Blunt, “[d]ue[-]process rights include the right to a properly instructed jury.” Blunt v. State, 55 So.3d 207, 211 (¶ 16) (Miss.Ct.App.2011). In this instance, I find that the inclusion of the “at peril” language — language which has been repeatedly condemned — violated Rodgers’s due-process rights; thus, I would reverse and remand for a new trial.
BARNES, J., Joins this Opinion.