## STEWART v. STATE.

(Division B. June 11, 1934.)

[155 So. 347. No. 31210.]

Pat Koonce, of Hattiesburg, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Anderson, J.,** delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of Forrest county of the crime of robbery and

sentenced to the penitentiary for a term of eight years. From that judgment he prosecutes this appeal.

We do not think any of the questions raised and argued in this case are of sufficient merit to require a discussion, except the refusal by the court of an instruction requested by appellant, which was in the following language: "The court instructs the jury for the defendant that you are not to consider the questions or inference of the prosecuting attorney as evidence against the defendant, but that you are bound under the law to make up your minds from the testimony of witnesses alone.

There was no error in refusing this instruction. In short, it sought to tell the jury to pay no attention to the argument of the prosecuting attorney; that they were not to consider his analysis of the evidence and inferences therefrom. If such an instruction were proper, the argument of counsel would be utterly useless. One of the most important functions of a trial lawyer is oral argument. In order to aid the jury or the chancellor in arriving at a correct judgment on the issues of fact, he is entitled to state the testimony of the witnesses as he understood it, to analyze it and draw deductions therefrom as favorable to his client as he may think justified. If he misstates the testimony, or his analysis thereof and deductions therefrom be unsound, opposing counsel is entitled, and in the interest of his client it is his duty, to expose such false statement and unsoundness of analysis and inference. After hearing the testimony of the witnesses and observing their demeanor as they testify, the argument of counsel pro and con, giving their version of the testimony and its meaning and significance, is a most valuable aid to the trier of the issues of fact in arriving at a correct finding.

The latter part of the instruction embodies a correct principle of law; by it the jury were told that they had to make up their minds from the evidence alone. But the instruction considered as a whole was faulty, for the reason stated.

Affirmed.