HUMPHREYS *v.* STATE.

June 8, 1953

No. 38766 34 Adv. S. 103 65 So. 2d 226

*John B. Farese,* for appellant.

*Joe T. Patterson,* Assistant Attorney General, for appellee.

ARRINGTON, J.

The appellant, Andrew Humphreys, was convicted of assault and battery with intent to kill and murder Bessie Watts, and sentenced to a term of eighteen months in the state penitentiary, from which judgment he appeals.

The record in this case discloses that Bessie Watts, the prosecuting witness, is the mother-in-law of the appellant; that the appellant's wife was living with her and that she and the appellant had some trouble about this and other matters. This witness testified that on the night of March 2nd, between the hours of 7 and 8 o'clock, she was at home with two of her children, ages 13 and 18 respectively; that she was standing at the east window of her home and that her two children were at the south window. Although it is not clear from the record, it appears that a window pane had been knocked out, but when it was knocked out is not stated; that at this time, the appellant shot into the house through the south window with a shotgun; wounding her in the side, which necessitated her being hospitalized for a week. She testified further that at the time the gun fired, the lightning flashed and she recognized the appellant as the one who fired the gun. The two children also testified that when the lightning flashed, they saw and recognized the appellant as the man who did the shooting. Bessie Watts fur-

ther testified that on the night in question, the weather was misty and threatening rain and it had been lightning, although the moon was shining.

The appellant testified in his own behalf and denied that he shot into the home of Bessie Watts, and claimed that he was at home on the night of March 2nd. There was also testimony to the effect that the reputation of the appellant for peace and violence was good.

The appellant presents two assignments of error. It is first contended that the evidence was insufficient to support the verdict of the jury. Appellant argues that the testimony of Bessie Watts and her children as to the identity of the appellant was incredible and so unreasonable that it is unworthy of belief; that the witnesses were prejudiced and testified falsely, and that the evidence was unbelievable. The witnesses for the State testified positively that they identified the appellant at the time of the shooting by the light from the flash of lightning. We are unable to say that the testimony of the State's witnesses is so unreasonable and incredible as to be unworthy of belief. The weight of the evidence and credibility of the witnesses was for the jury.

In the case of Hinton v. State, 175 Miss. 308, 166 So. 762, this Court said: "We are asked to reverse the case because the testimony of the chief state witness, Willie Hinton, is so unreasonable and unreliable that a verdict ought not be allowed to stand thereon. The inconsistencies in her testimony, if such there were, are wholly arguments for the jury, and she stands unimpeached in the record. We cannot disturb the verdict where a witness is unimpeached because the witness' conduct was different from what another might have done under the same circumstances. The jury are the sole judges of the weight and credibility of the evidence, and, under our system, are the exclusive triers of fact. The testimony in this case is not improper, is not contradicted, is not so highly improbable that the truth of it becomes so ex-

tremely doubtful as to be repulsive to the reasoning of the ordinary normal mind.''

The appellant next contends that the court erred in permitting Elie Watts to testify in rebuttal on the part of the State over the objections of the defendant for the reason that the rule had been invoked and the witness had violated the rule by being in the courtroom. Permitting a witness to testify who has violated the rule rests with the discretion of the trial court. In Sartoriuos v. State, 24 Miss. 602 (1852), the Court said:

''The rule on this subject appears to be settled. A witness who has been ordered to withdraw, but who continues in court in violation of the order, will not ordinarily be examined. It rests, however, in the sound discretion of the judge, whether such witness shall be examined or not. 'This (says Phillips) seems to be the safest and justest course, not to exclude his evidence altogether, but to admit it, subject to such remarks as the circumstances may warrant; for otherwise an innocent party, possibly both parties, might be made to suffer a serious injury from the carelessness of a witness, or perhaps from his ill designs and ill will. A reluctant or hostile witness might thus accomplish his purpose and defeat the party.' '' This rule has been consistently followed. Smith and Cavin v. State, 61 Miss. 754; Thomas v. State, 103 Miss. 800, 60 So. 781.

The Court in the case of Thomas v. State, supra, where the State's witness had violated the rule by remaining in the courtroom during the examination of the defendant, said: ''Assuming that the witness had violated the orders of the court, it was within the discretion of the court to punish the witness for the State and we think the court wisely refused to deprive the State of the witness' testimony.'' We are of the opinion, therefore, that the court did not abuse its discretion in permitting the witness to testify.

In the light of the views hereinabove expressed, it follows that the judgment of the court below should be and it is affirmed.

Affirmed.

*McGehee, C. J.*, and *Hall, Lee,* and *Ethridge, JJ.*, concur.