190 So.2d 848 (1966)
Norman CANNON
v.
STATE of Mississippi.
No. 44002.
Supreme Court of Mississippi.
October 3, 1966.
Suggestion of Error Overruled October 24, 1966.
*849 W. Arlington Jones, Lawrence D. Arrington, Hattiesburg, for appellant.
Joe T. Patterson, Atty. Gen., by G. Garland Lydell, Jr., Asst. Atty. Gen., Jackson, for appellee.
SMITH, Justice:
Norman Cannon was convicted of rape in the Circuit Court of Forrest County. The jury's verdict fixed his punishment at confinement in the penitentiary for life, and he was so sentenced.
There was no assignment of error challenging the sufficiency of the evidence to support the verdict.
Errors assigned relate to procedural matters, the granting and refusing of instructions, certain remarks of the district attorney in his argument to the jury, objected to as prejudicial, and the overruling of appellant's motion for a new trial.
The factual issue presented for the jury's determination was whether or not the victim had voluntarily consented. The case made by the evidence for the prosecution was, in substance, that appellant Cannon had gotten his victim into his car upon the pretext that he wanted her to "baby sit" with his children; actually, he had no children. After she was in his car, he drove out a lonely road and into some *850 woods, restraining her meanwhile with threats and exhibiting a knife. When he arrived there, appellant took the girl into the woods and by means of threats enforced by exhibiting his knife, compelled her to disrobe and then raped her.
He abandoned her there and she made her way on foot back to a traveled highway where she attracted the attention of some people in a car and reported to them what had happened. She was taken almost immediately to a doctor whose examination disclosed a torn and bleeding posterior hymenal ring and the presence of semen.
Following the arrest, his counsel asserted that the appellant was insane, and, upon their motion, he was examined at Mississippi State Hospital at Whitfield but was found to be without psychosis.
A considerable portion of the evidence for the prosecution appearing in the record and relating to the identification of appellant as the attacker became irrelevant when, as a witness in his own behalf, he admitted the act and rested his defense upon the ground that the victim had consented voluntarily.
Several grounds for reversal are assigned and argued.
Appellant contends that the trial court was in error in  (1) requiring an officer of the court to be present in the room during the conference of his counsel with the victim and her grandmother, both of whom had been subpoenaed as defense witnesses; (2) in granting and refusing certain jury instructions; (3) in failing to enter a mistrial because of remarks made by the district attorney in his argument to the jury; (4) in failing to enter a mistrial because the victim's grandmother, after completing her testimony, returned to the courtroom although the rule excluding witnesses from the courtroom had been invoked; and, (5) in overruling a motion for a new trial.
As to the first assignment, the victim was a fifteen year old girl who lived with her grandmother, an elderly woman. Both testified for the prosecution and were exhaustively cross-examined. It was not shown, and there is nothing to indicate, that the presence of an officer in the room during the conference with these witnesses in any way restricted or prejudiced appellant's defense. It was, under the circumstances, a matter within the sound discretion of the trial court. It does not appear from the record that there was an abuse of discretion in this case. Mackie v. State, 138 Miss. 740, 103 So. 379 (1925); White v. State, 52 Miss. 216 (1876).
Appellant criticizes an instruction granted the prosecution which informed the jury that it was warranted in convicting appellant if it should believe from the evidence beyond a reasonable doubt that he was guilty of the crime charged. It is contended by appellant that this instruction should have instructed the jury that before they could convict appellant, they must believe from the evidence, not only that he was guilty beyond a reasonable doubt, but to the exclusion of every reasonable hypothesis other than that of guilt.
Such a limitation is proper in an instruction only where the State's case depends upon circumstantial evidence. This is not a case in which the guilt of defendant was established by circumstantial evidence. The jury had before it the direct testimony of the victim. Also, there was strong corroborative medical and other evidence supporting her testimony.
Appellant admitted that he committed the act but asserted that consent had been given voluntarily. It was the province of the jury to reconcile discrepancies and to resolve the conflicts in the testimony. The instruction correctly stated the law, and the trial court did not err in granting it. Lackey v. State, 215 Miss. 57, 60 So.2d 503 (1952); Bolin v. State, 209 Miss. 866, 48 So.2d 581 (1950); Sanders v. State, 192 So. 344 (Miss. 1939); Jones v. State, 130 Miss. 703, 94 So. 851 (1922).
*851 Nor was the instruction defective in failing to define the phrase "beyond reasonable doubt." The meaning of these words is not obscure and it must be assumed that the members of the jury were men of ordinary intelligence and capable of understanding their meaning. Boutwell v. State, 165 Miss. 16, 143 So. 479 (1932).
In fact, it has been held that it is error for the trial court to instruct as to the meaning of "reasonable doubt." Simmons v. State, 206 Miss. 535, 40 So.2d 289 (1949).
Other criticisms of the instructions granted the prosecution clearly are without merit.
Appellant next complains that the trial court committed error in refusing to instruct the jury that if it believed a statement taken from appellant by officers following his arrest was true that they should acquit him. This statement was self-serving and exculpatory and was introduced by the appellant. The instruction in question was erroneous and obviously was an improper comment upon the weight of the evidence. The statement, in substance, contained the same version of the affair given by appellant when he testified as a witness in his own behalf. This defense  that the girl consented voluntarily  was amply covered by other instructions. The trial court was not in error in refusing to grant the requested instruction. No authority is cited supporting appellant's contention that the trial court's refusal to give this instruction was error.
It is contended on behalf of appellant that the trial court should have entered a mistrial because of certain remarks made by the district attorney in his argument to the jury. The clothing of the victim had been retrieved by the officers from the place where the attack had occurred and placed in evidence. In his argument, defense counsel exhibited to the jury one of the undergarments, and in pointing out and commenting upon certain stains, stated that "if any substance or blood or anything else" had gotten upon the garment that it had happened before the attack. In the course of his examination as a witness, appellant had testified, without objection, that at least some of these stains appeared to him to be blood.
Replying to this argument, the district attorney suggested a possible natural source for the blood stain. This was objected to by appellant's counsel and the court directed the district attorney to stay within the record. The district attorney then stated that he considered it proper to make his own deduction as to the source of the stains.
Actually, there is no evidence as to the nature of the stains other than the defendant's own testimony as to what they appeared to him to be. Nor does it appear from the evidence when the garment became stained.
Attorneys are allowed considerable latitude in jury arguments and may draw reasonable conclusions from physical evidence which is before the jury. Andrews v. State, 237 Miss. 875, 116 So.2d 749 (1960); Ivey v. State, 206 Miss. 734, 40 So.2d 609 (1949); Stewart v. State, 170 Miss. 540, 155 So. 347 (1934); Blackwell v. State, 161 Miss. 487, 135 So. 192, sugg. error 161 Miss. 487, 135 So. 192, 137 So. 189 (1931); Callas v. State, 151 Miss. 617, 118 So. 447 (1928).
Counsel for appellant tendered to the trial court a special bill of exceptions in which they set out their version of the district attorney's remarks to which they objected. The court declined to sign this bill of exceptions, and later this same matter was embodied in a bill of exceptions signed by two attorneys. This latter bill was filed in the case. In declining to sign the bill of exceptions tendered him, the court entered an order in which he stated that the bill of exceptions was submitted to him several days after the trial and that the statements attributed to the district attorney were not remembered by the court as having been made by the district attorney *852 in his argument. Further, the court said that as he remembered the arguments, statements made by the district attorney were in reply to statements made by counsel for defendant in his opening remarks.
On the hearing of a motion for a new trial, this matter again was explored. Appellant's counsel, who introduced this subject in his argument to the jury for the defense, testified that he had done so, and had argued to the jury that "any substance or blood or anything else" upon the garment must have gotten upon it prior to the attack.
The remarks attributed to the district attorney, in which he suggested an explanation for the stains, were invited by the remarks of defense counsel. Upon objection, the trial court directed the district attorney to stay within the record and it does not appear that the matter was pursued further in the argument. Under the circumstances shown by the record, it cannot be said that the statement prejudiced the rights of the defendant.
One of the grounds assigned as error in the motion for a new trial was that the victim's grandmother, who testified for the prosecution, after having completed her testimony, returned to the courtroom where she took a seat, and by moving her body or nodding her head, signaled to the victim as the latter gave her testimony.
Upon the hearing of this motion the court heard testimony and these charges were fully explored. The trial court then overruled the motion for a new trial. This action of the court was fully supported by evidence that, although the grandmother had returned to the courtroom, she had neither communicated with nor signaled to her granddaughter, and that her presence in the courtroom was without prejudice to the defense.
The complaint is also made that the grandmother's return to the courtroom was in violation of the rule excluding witnesses as she had been subpoenaed by both the prosecution and defense. This contention is without merit. At the time, she had completed her testimony, including exhaustive cross-examination by the defense. When the matter was brought to the attention of the court, the prosecution offered to waive objection if the defense desired to recall the witness, but she was not recalled. The court, ordinarily, has considerable discretion in cases involving the rule for exclusion of witnesses. Triplett v. State, 230 Miss. 707, 93 So.2d 654 (1957); Crockerham v. State, 202 Miss. 25, 30 So.2d 417 (1947); Humphreys v. State, 217 Miss. 909, 65 So.2d 226 (1953); Thomas v. State, 103 Miss. 800, 60 So. 781 (1913). There was no abuse of the discretion here and the defense is not shown to have been prejudiced as a result of this incident.
The record discloses that appellant was vigorously and ably defended by his counsel and that his rights were protected at every stage of the proceedings. The case was fairly and impartially tried and the jury's verdict is supported by the evidence.
Affirmed.
GILLESPIE, P.J., and RODGERS, BRADY, and PATTERSON, JJ., concur.