318 So.2d 879 (1975)
Bobby RAGAN
v.
STATE of Mississippi.
No. 48628.
Supreme Court of Mississippi.
September 22, 1975.
*880 Farese, Farese, Jones & Farese, Ashland, for appellant.
A.F. Summer, Atty. Gen. by John C. Ellis, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before RODGERS, SUGG and BROOM, JJ.
RODGERS, Presiding Justice.
The appellant Bobby Ragan was indicated, tried, convicted and sentenced by the Circuit Court of Tippah County, Mississippi, to serve a term of seven (7) years in the state penitentiary on a charge of having burglarized a drugstore in Tippah County, Mississippi.
The state offered testimony to show that the town marshal of Walnut, Mississippi, at approximately 12:40 A.M. on September 19, 1972, discovered a drugstore had been broken into. He saw a man running away from the building toward an automobile parked on the other side of the street. He also saw the defendant in the store and saw him run out the back door. This automobile was discovered to be an automobile belonging to the defendant's father.
Two sets of footprints led away from the back door of the drugstore. The officers obtained bloodhounds and used them to follow the footprints. The dogs led them to the defendant's father's home, where the defendant was found hiding in the attic. The father of the defendant used a shotgun to prevent the officers from entering the house until a warrant was obtained.
In rebuttal to the evidence offered by the state, the defendant introduced one James Bartlett, Chief Deputy Sheriff of Hardeman County, Tennessee, who testified that he had known the defendant all of his life and that on the 19th day of September at 12:30 A.M. he saw the defendant at Buster's Place in Hardeman County, Tennessee, twelve (12) miles from Walnut, Mississippi. At that time this officer was in the company of another officer. He testified that he saw "Bobby Ragan and another fellow and two women sitting there talking." None of these witnesses were introduced, nor did the defendant testify.
After the state and the defendant had rested their respective testimony, the defendant offered the following instructions:
INSTRUCTION NO. 12
"The Court instructs the jury for the Defendant that the jury must not consider the fact that the Defendant did not testify in this case as evidence against him, but the state must prove him guilty beyond every reasonable doubt, and to a moral certainty; and if the state has not done this, then the jury must find the Defendant not guilty."
INSTRUCTION NO. 13
"The Court instructs the jury for the Defendant that the law does not compel a Defendant in a criminal case to take the witness stand and testify. That no presumption of guilty may be raised and no inference of any kind may be drawn from Defendant's failure to testify.
As stated before, the law never imposes upon a Defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.
The fact that the Defendant did not testify should not arouse even a suspicion that he is guilty, but the State must prove him guilty beyond every reasonable *881 doubt, and to a moral certainty, and if the prosecution has not done this, then the jury must find the Defendant not guilty."
The trial judge modified Instruction No. 12, so as to strike out the clause "nor does this fact arouse even a suspicion that he is guilty."
The defendant requested the following two instructions:
INSTRUCTION NO. 11
"Testimony tending to prove identity is to be scrutinized with extreme care.
No class of testimony is more uncertain and less to be relied upon than that as to identity.
The possibility of human error or mistake and the probable likeness or similarity of objects and persons are elements that you must act upon in considering testimony as to identity. You must carefully consider these factors passing upon the credibility that you attach to the witness's testimony, and you must be satisfied beyond a reasonable doubt as to the accuracy of the witness's identification of the person or thing."
INSTRUCTION NO. 18
"The prosecution has the burden of establishing beyond a reasonable doubt the identity of the Defendant. If from the evidence or lack of evidence there is a reasonable doubt in your mind of the accuracy or sufficiency of the witnesses' identification of the Defendant, then it is your duty to return a verdict of not guilty."
The trial judge refused Instruction No. 11 upon the ground that this instruction was a comment upon the weight of the evidence. He also refused Instruction No. 18 upon the ground that the instruction limited the jury to determining the guilt of the defendants to the testimony of the officer's identification of the defendant.
We are of the opinion that the acts of the trial judge complained of by the defendant as to the instructions were not reversible errors. In the first place, Instruction No. 12, as modified, is sufficient to meet the test required by Funches v. State, 125 Miss. 140, 87 So. 487 (1921), cited by the appellant. The court pointed out in Funches that no instruction was given to the jury advising the jury that the defendant did not have to testify. The Court then said:
"We do not say that the refusal of the court to grant the instruction would in all cases result in a reversal, because it might appear manifestly in some cases that the refusal of the instruction results in no injury to the accused in his trial. But we think the error in refusing the instruction in this case is reversible for the reason that, coupled with the refusal of the instruction to the defendant, counsel for the state in his argument to the jury used the following language, `We have never got Neal Funches to talk about this thing; he has always run away from it;' ..." 125 Miss. at 152, 87 So. at 488.
This type of instruction is, of course, based upon the following language of Mississippi Code Annotated Section 13-1-9 (1972):
"The accused shall be a competent witness for himself in any prosecution for crime against him. The failure of the accused, in any case, to testify shall not however operate to his prejudice or be commented on by counsel."
In the case of Wood v. State, 221 Miss. 901, 74 So.2d 851 (1954), a similar instruction was refused the defendant, and the court said that the refusal of the instruction was error, but harmless in that case, because the defendant was positively identified by Mrs. Hendrix. The defendant was positively identified in the instant case by the town marshal. Moreover, the trial court permitted a good instruction to be *882 given to the jury on the subject in the present case. Compare Rose v. State, 222 Miss. 699, 76 So.2d 835 (1955).
Instruction No. 13 was on the same legal proposition granted in Instruction No. 12. The trial court is not required to grant several instructions on the same question in a different verbiage. McMillan v. State, 198 Miss. 179, 21 So.2d 586 (1945); Barnes v. State, 164 Miss. 126, 143 So. 475 (1932); Taylor v. State, 158 Miss. 505, 130 So. 502 (1930); Smith v. State, 128 Miss. 258, 90 So. 883 (1922). We hold that the trial judge committed no error in refusing Instruction No. 13.
The appellant also complains that the trial court refused to grant requested Instructions No. 11 and 18, as set out above.
Instruction No. 11 was refused by the court upon the ground that it was a "comment upon the weight of the evidence." We think that the trial judge was correct in so holding, since this instruction violates the terms of Mississippi Code Annotated Section 99-17-35 (1972), wherein it is said: "The judge in any criminal cause, shall not sum up or comment on the testimony, or charge the jury as to the weight of the evidence; ..."
There is another reason, however, why the refusal to grant a cautionary instruction is not reversible error. This Court is committed to the rule that the refusal to grant a cautionary instruction as to the testimony of an accomplice cannot be assigned as an error, since it may be offered within the discretion of the trial judge. Wellborn v. State, 140 Miss. 640, 105 So. 769 (1925).
Instruction No. 18 is clearly erroneous. It predicates the entire case of guilty or innocence of the defendant upon whether or not there could be a reasonable doubt that the officer actually identified the defendant as the man he saw in the drugstore. Reasonable doubt of the guilt or innocence of an accused in a criminal case is not based on just a part of the testimony, but, rather, upon the entire case including the circumstances surrounding the alleged crime.
It is also contended that the district attorney commented on the fact that the defendant did not testify in violation of accused's constitutional right to stay silent.
The record shows the following colloquy:
"MR. LITTLEJOHN: * * * why did Bobby run, he had a chance to confront Bud Mills and say, well, I came in here for a bottle of aspirin. I have got a headache tonight.
MR. FARESE: May it please the Court, I object to that, he says why did he run, there was no running, no testimony about running anywhere.
THE COURT: All right, stay within the law and the evidence."
There is no bill of exceptions to this statement, and no motion for a new trial on the grounds now advanced is shown in the record.
The appellant argues that this is an ill-disguised comment intended and calculated to draw the jury's attention to the fact that the defendant did not testify and cause the jury to query why Bobby did not answer the district attorney.
The statement of the district attorney is based upon the testimony of the city marshal that he saw the defendant in the drugstore: "Somewhere around halfway of the building, facing the front door." The officer then said: "He broke and run, run out the back door."
A district attorney has the right to comment on the evidence and may analyze and deduce inferences from the testimony and may even call witnesses by their names, so long as he does not violate proper decorum of the court or infringe upon the defendant's right not to testify. Stewart *883 v. State, 170 Miss. 540, 155 So. 347 (1934); Blackwell v. State, 161 Miss. 487, 135 So. 192, 137 So. 189 (1931); Callas v. State, 151 Miss. 617, 118 So. 447 (1928).
We cannot agree with the contention of the defendant that the statement made by the district attorney was in fact a comment intended to call attention to the fact that the defendant did not testify in his own defense. The district attorney had the right to comment on the fact that the man identified as the defendant ran away and did not stop and talk to the officer.
We have found no reversible error in the record of this case, and we are of the opinion that there is ample testimony on which to base a conviction. We, therefore, affirm the judgment of the trial court.
Affirmed.
GILLESPIE, C.J., and PATTERSON, INZER, SMITH, ROBERTSON and WALKER, JJ., concur.