337 So.2d 928 (1976)
Jerry ISAACKS
v.
STATE of Mississippi.
No. 49323.
Supreme Court of Mississippi.
October 5, 1976.
*929 Fred M. Witty, Greenwood, for appellant.
A.F. Summer, Atty. Gen., by Ben H. Walley, Asst. Atty. Gen., Jackson, for appellee.
Before INZER, SMITH and BROOM, JJ.
BROOM, Justice, for the Court:
Felonious marijuana sale was the offense for which appellant, Isaacks, was convicted in the Circuit Court of Bolivar County. He was sentenced to a term of nine years in the state penitentiary and appeals. We reverse.
Facts of the case need not be set forth in detail. Summarized, the testimony established that Isaacks sold marijuana (8.2 pounds) to two law officers who met him at a previously arranged rendezvous near or in Cleveland, Mississippi. The jury rejected his alibi defense.
Reversal is urged on the ground that the district attorney went too far afield in his cross-examination of the defendant concerning irrelevant and prejudicial matters. The defendant was asked about such things as his general knowledge of marijuana, his opportunity of having seen marijuana on his father's place, and how long he and his counsel "practiced" his testimony. Certain of defense counsel's objections to such cross-examination were sustained and reversal might not be required if there were no other error before us. Inasmuch as the case will be remanded for a new trial, details of the prejudicial cross-examination of the defendant as to extraneous issues need not be fully developed here. Suffice it to say that, in criminal cases, the general rule is that the scope of the testimony should be limited to the singular issue of the defendant's guilt under the indictment. Counsel will be accorded broad latitude of cross-examination as an appropriate means to test the truthfulness, accuracy, and credibility of any witness (including the defendant). Nevertheless, aimless repetitions and references to immaterial and inflammatory matters are to be avoided. Patrick v. State, 285 So.2d 165 (Miss. 1973).
*930 The second error argued by the appellant concerns a jury instruction (duly objected to) given in the following form:
THE STATE DOES NOT HAVE TO PROVE THE CHARGE BEYOND ALL POSSIBLE DOUBT BEFORE A CONVICTION CAN BE HAD, BUT THE STATE MUST PROVE THE DEFENDANT GUILTY BEYOND A REASONABLE DOUBT BEFORE YOU CAN CONVICT.
THE TERM "REASONABLE DOUBT" MEANS A DOUBT BASED UPON REASON AND COMMON SENSE. IT IS A DOUBT FOR WHICH A REASON (OR REASONS) CAN BE GIVEN, ARISING FROM A FAIR AND RATIONAL CONSIDERATION OF THE EVIDENCE OR THE LACK OF EVIDENCE.
The court has spoken a number of times on the giving or failure to give jurors a definition of "reasonable doubt." Boutwell v. State, 165 Miss. 16, 143 So. 479 (1932). In Boutwell, we held that the court correctly refused to give such an instruction because "reasonable doubt" defines itself and needs no definition by the court.
In Simmons v. State, 206 Miss. 535, 40 So.2d 289 (1949), the appellant argued that the trial judge erred in telling prospective jurors on voir dire examination that "reasonable doubt must be of the type that you can give a reason for when you get back in the jury room and discuss the matter... ." There the court cited Boutwell and pointed out that courts should not attempt to define "reasonable doubt." We said in Boutwell that the definition given (similar to the definition now before us) was erroneous and, even if the definition were correct, jurors need no definition of "reasonable doubt." The instruction as given in effect tells jurors that they should be able to state a reason why they have a doubt. Such an instruction is erroneous because, in our jurisprudence, jurors are never required to articulate any explanation of their decision although they are to consult with each other. Cannon v. State, 190 So.2d 848 (Miss. 1966). Such a rule is not peculiar to this state  in most jurisdictions the rule seems to be that instructions which attempt to define "reasonable doubt" are erroneous. 23A C.J.S. Criminal Law § 1280 (1961). That part of the instruction in controversy which defined "reasonable doubt" as based upon reason and common sense may convey abstract logic, but the language "for which a reason (or reasons) can be given" cannot be upheld. Burt v. State, 72 Miss. 408, 16 So. 342 (1894).
REVERSED AND REMANDED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and LEE, JJ., concur.