815 So.2d 451 (2002)
David J. SPROLES, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00844-COA.
Court of Appeals of Mississippi.
April 16, 2002.
*452 Todd Nathan Thriffiley, Gulfport, Attorney for Appellant.
Office of the Attorney General by Wayne Snuggs, Attorney for Appellee.
Before McMILLIN, C.J., LEE, and BRANTLEY, JJ.
BRANTLEY, J., for the court.
¶ 1. In the Circuit Court of Hancock County, David Sproles was convicted of felony operating a vehicle under the influence of alcohol, which was his third conviction. Sproles was sentenced to serve a term of two years in the Mississippi Department of Corrections and the court recommended that one year of the two-year term be served in the drug and alcohol program. His motion for a judgment notwithstanding the verdict or in the alternative a new trial was denied. On appeal, Sproles presents one issue before this Court:
I. WHETHER THE TRIAL COURT ERRED IN DENYING JURY INSTRUCTION D-4.
Finding no error, we affirm.

FACTS
¶ 2. On July 29, 1999, at about 1:00 A.M., Deputy Nathan Hoda was going to the scene of an accident. He came upon a parked pickup truck blocking the roadway. The truck was positioned in such manner that it appeared as if the driver attempted to park in the driveway of a home on the street, but never finished his approach. A man, later identified as David Sproles, was sleeping in the bed of the truck. After the attempts to wake Sproles with his horn and blue lights failed, the deputy got out of his vehicle and woke Sproles. Sproles appeared to be intoxicated.
¶ 3. Deputy Hoda requested phone numbers of Sproles's friends and family so that *453 he could call somebody to come and pick Sproles up. In response, Sproles insisted it would be alright for him to stay the night at the home where he was parked because he knew the owner.
¶ 4. Deputy Hoda told Sproles to drive the truck into the driveway. Sproles did and turned off the ignition and the lights. Deputy Hoda instructed Sproles not to drive away or else he would go to jail if he returned to the public road. Deputy Hoda drove away.
¶ 5. Less than five minutes later, he returned to the house where he left Sproles. Sproles was backing out of the driveway onto the road with the lights of the truck turned on. Sproles saw the deputy and got out of the vehicle. Sproles had problems with his coordination, his speech was extremely slurred, and he smelled like alcohol. Sproles was given a test to determine his blood alcohol content. Sproles's blood alcohol content registered.238, violating the .10 legal limit.

DISCUSSION

I. WHETHER THE TRIAL COURT ERRED IN DENYING JURY INSTRUCTION D-4.
¶ 6. Sproles's sole defense was entrapment. At trial he argued that, but for Deputy Hoda waking him up and ordering him to get behind the wheel to move his truck from the roadway, he would not have later driven under the influence when Deputy Hoda found him backing out of the driveway. Sproles contends that the jury should have been instructed on whether he was continuing to act under the original order or inducement to move the truck the first time at the time he was driving the truck the second time. Sproles claims the court erred when it refused to grant instruction D-4 because instruction D-3 did not adequately address the original intent element of entrapment.
¶ 7. Instruction D-4 stated:
You are instructed that where criminal intent originates in the mind of the entrapper and the accused is lured into the commission of the offense charged in order to prosecute him, therefore, you shall find the Defendant "Not Guilty" based upon the affirmative defense of entrapment.
¶ 8. Instruction D-3, similar in content to D-4, was granted and reads as follows:
The defendant in this case has raised the affirmative defense of "entrapment." The term "entrapment" is defined as the act of inducing or leading a person to commit a crime not originally contemplated by him for a purpose of trapping him for the offense. In other words, where a person has no previous intent or purpose to violate the law, but is induced or persuaded by law enforcement or their agents to commit a crime, that person is a victim of entrapment and the law forbids that person's conviction in the case.
Conversely, if a person already has the readiness and willingness to violate the law, the mere fact that law enforcement or their agents provide what appears to be a favorable opportunity to commit the crime is not entrapment.
You are instructed that the defendant must prove he was entrapped by law enforcement. Accordingly, if you find from the credible evidence in this case that the defendant was induced by law enforcement to commit Felony Driving Under the Influence, and you find for the defendant and your verdict will be "We the Jury, find the Defendant Not Guilty."
If however, you find from the credible evidence that the defendant was not induced by law enforcement to commit *454 Felony Driving Under the Influence, or you find that the offense was contemplated by the defendant and law enforcement or their agents merely provided an opportunity then you may find the defendant guilty.
¶ 9. A defendant is entitled to have jury instructions given which present his theory of the case. Heidel v. State, 587 So.2d 835, 842 (Miss.1991). This entitlement is limited to instructions that correctly state the law, are not covered fairly elsewhere in the instructions, and have a foundation in the evidence. Id. Our supreme court has also held that "[t]he trial court is not required to grant several instructions on the same question in different verbiage." Ragan v. State, 318 So.2d 879, 882 (Miss.1975). Additionally, "since all instructions are to be read together and if the jury is fairly instructed by other instructions, the refusal of any similar instruction does not constitute reversible error." Laney v. State, 486 So.2d 1242, 1246 (Miss.1986). Furthermore, the court has consistently held that a trial court is not required to grant an otherwise proper instruction if the subject matter contained in the requested instruction is sufficiently covered by an instruction that has already been granted. Griffin v. State, 610 So.2d 354, 356 (Miss.1992).
¶ 10. We now look to see if instruction D-3 properly charged the jury on Sproles's theory of defense of entrapment. Entrapment is the act of inducing or leading a person to commit a crime that he did not originally intend to commit for the purpose of trapping him in its commission and prosecuting him. Bush v. State, 585 So.2d 1262, 1264 (Miss.1991). However, the defense of entrapment does not lie when the intent to commit the crime already existed in the mind of the accused so that the inducement merely served to give him an opportunity to commit the crime to which he was already disposed. King v. State, 530 So.2d 1356, 1359 (Miss.1988).
¶ 11. Instruction D-3 properly instructed the jury on the defense of entrapment. The record reveals that the jury was fully and fairly instructed as to the substance of jury instruction D-4 by jury instruction 3 which in fact had been granted. Instruction D-3 correctly defined entrapment and adequately addressed the element of original intent by expressing that conviction is forbidden if the act was induced or persuaded by law enforcement and "not originally contemplated by [Sproles]" or "where a person has no previous intent or purpose to violate the law, but is induced ... to commit the crime." Therefore, refusing repetitious jury instructions does not constitute reversible error. Bunkley v. State, 495 So.2d 1, 4 (Miss.1986). This assignment of error is without merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF HANCOCK COUNTY OF CONVICTION OF FELONY OPERATING A VEHICLE UNDER THE INFLUENCE AND SENTENCE OF TWO YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HANCOCK COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.