KING, P.J.,
for the court:
¶ 1. In 1965, Norman Cannon was convicted of rape by a Forrest County Circuit Court jury that also sentenced him to a term of life imprisonment. On June 14, 1999, Cannon filed a writ of habeas corpus seeking relief on the ground that he was not properly sentenced. Following a hearing on August 1, 2000, the petition was denied. Cannon has appealed the denial of his petition and claims that it was reversible error for the trial court to consider court documents which were not provided to him prior to rendering its decision.
FACTS
¶ 2. In preparation for filing his writ of habeas corpus, Cannon had asked the court to provide him with the court records from his trial. All of the records could not be located; however, the clerk of the court provided what was available. Among the records missing was the formal sentencing order. Cannon’s petition alleges that he was serving an illegal sentence because no formal sentencing order was among the papers in his file.
¶ 3. After the hearing on Cannon’s writ petition, the circuit court found as fact that some of the records could not be located. However, finding that the jury’s verdict of guilty and Cannon’s sentence were properly recorded in the court’s Minute Book 24 at pages 81 and 82, the circuit judge denied the requested relief.
¶ 4. Finding no reversible error, this Court affirms.
ANALYSIS OF THE ISSUE
¶ 5. Though styled as an action for habe-as corpus, we consider Cannon’s application under the Mississippi Uniform Post Conviction Collateral Relief Act. Miss. Code Ann. § 99 — 39—5(l)(g) (Rev.2000). That act mandates that we study Cannon’s pleadings and ask whether he makes a substantial showing of the denial of a state or federal right. Miss.Code Ann. § 99-39-27(5) (Rev.2000).
¶ 6. In this appeal of the denial of his writ petition Cannon charges that it was reversible error for the lower court to “add” papers to his file, i.e., the pages from the minute book, which had not been provided to him when he requested the records. He further claims that the minute book’s record of the jury’s verdict and sentence does not constitute a formal sentencing order by a judge; therefore on the basis of Brown v. State, 382 So.2d 1089 (Miss.1980), he is entitled to a reversal of his conviction and a new trial.
¶ 7. In Brown, Cynthia Brown had been convicted of forgery and sentenced to twelve years in the penitentiary. She timely perfected her appeal to the Mississippi Supreme Court but no record was filed. The attorney general filed a motion to affirm her conviction. The motion was *435 sustained. Brown’s motion to rescind the affirmation of her conviction was granted and she was given thirty days in which to file a transcript or a bill of exceptions. Brown then filed a motion to set aside the judgment of conviction and to remand for a new trial on the ground that she was unable to file a transcript of the testimony at her trial because the court reporter’s notes had been lost and, because the passage of time made it impossible to reconstruct the testimony by a bill of exceptions. Id. at 1089. The attorney general’s response to Brown’s motion to set aside the judgment was that justice required reversal of the conviction and a remand for a new trial. The supreme court agreed and ruled accordingly. Id.
¶ 8. Cannon, on the other hand, does not seek the records from his trial in order to advance a legitimate appeal of his conviction and sentence as having been the result of some reversible error on the part of the lower court but rather seeks to take advantage of the mere fact that the records are missing. He would have this Court hold that the absence of the formal sentencing order in the trial court records is conclusive proof that he was never formally sentenced. A look at Cannon’s prior post-conviction judicial proceedings reveals the infirmity of that position.
¶ 9. In 1966, shortly after his conviction, Cannon perfected an appeal to the Mississippi Supreme Court, and in Cannon v. State, 190 So.2d 848, 849 (Miss.1966), the court held as follows:
Norman Cannon was convicted of rape in the Circuit Court of Forrest County. The jury’s verdict fixed his punishment at confinement in the penitentiary for life, and he was so sentenced.
[[Image here]]
The record discloses that appellant was vigorously and ably defended by his counsel and that his rights were protected at every stage of the proceedings. The case was fairly and impartially tried and the jury’s verdict is supported by the evidence.
(emphasis added). Our reading of that case suggests that the record was available for the supreme court to review in rendering its decision and a valid judgment and sentencing order were a part of that record. This circumstance alone would warrant a denial of Cannon’s motion in the case sub judice. Phillips v. Cooper, 50 Miss. 722, 732 (1874) (holding that generally, in case of a lost or destroyed record, parol evidence is admissible of its contents, especially when no higher evidence is shown to exist). However, there is the added circumstance of the minute book. The Mississippi Supreme Court held in Mitchell v. State, 792 So.2d 192, 214 (¶ 83) (Miss.2001), that use of the minute book of the trial court to document a previous conviction and sentence was proper.
¶ 10. Cannon also claims error in the admission into evidence of the pages from the minute book when they were not provided to him until the August 1, 2000 hearing on his writ petition. However, Cannon makes no claim of having been prejudiced in any way by this delay. Consequently, if there was error in the lower court’s failure to provide the pages from the minute book prior to the hearing on the habeas petition it was, without a doubt, harmless error. Terrain Enter., Inc. v. Mockbee, 654 So.2d 1122, 1131 (Miss.1995) (for a case to be reversed on the admission or exclusion of evidence, it must result in prejudice and harm or adversely affect a substantial right of a party).
¶ 11. Cannon has failed to demonstrate an entitlement to post-conviction relief as required by Mississippi Code Annotated Section 99-39-27(5) (Rev.2000); therefore, *436 this Court finds that the lower court acted properly in denying his petition.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.