BRIDGES, J.,
for the court.
¶ 1. Darrell Ray Morris was indicted on two counts of kidnaping and two counts of aggravated assault by the grand jury of Jackson County. The court convicted Morris of one count of aggravated assault and one count of simple assault. The court sentenced Morris to twenty years, with eight years suspended on the aggravated assault and six months concurrent on the simple assault. The court denied Morris’s motion for a new trial, and he timely perfected his appeal to this Court.
*59 STATEMENT OF THE ISSUES
I. DID THE COURT ERR BY PERMITTING THE STATE TO INTRODUCE A .22 CALIBER WEAPON SIMILAR TO THE WEAPON USED IN THE ASSAULT FOR DEMONSTRATIVE PURPOSES?
II. DID THE COURT ERR IN REFUSING TO ISSUE CERTAIN DEFENSE INSTRUCTIONS TO THE JURY?
III. IS THE VERDICT CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE?
IV. DID MORRIS RECEIVE AN EXCESSIVE SENTENCE?
FACTS
¶ 2. Morris, who was separated from his wife, and his brother, Jake Morris, got into an argument with Morris’s brother-in-law, Carl Callegan, at a Chevron station in Wade, Mississippi. Callegan and his companion, Melody Johnson, drove away from the station, and Morris followed them. Morris eventually ran them off the road, and arming himself with a single-action .22 caliber pistol approached Callegan’s truck. Morris shot Callegan from the passenger window, puncturing his femoral artery, ordered Johnson from the truck, and dragged Callegan out of the truck.
¶ 3. Morris further assaulted Callegan and then ordered Callegan and Johnson into the truck, which Morris then drove to Old Americus Road. At that point, Morris expelled the seriously wounded Callegan and Johnson from the truck. Johnson sought help and eventually was able to convince a driver to pull over. This driver, Michael Krebs, got Callegan to a hospital before he bled to death.
ANALYSIS
I. DID THE COURT ERR BY PERMITTING THE STATE TO INTRODUCE A .22 CALIBER WEAPON SIMILAR TO THE WEAPON USED IN THE ASSAULT FOR DEMONSTRATIVE PURPOSES?
¶ 4. Morris argues that the .22 caliber pistol that the State introduced in the guilt phase of the trial was more prejudicial than probative under M.R.E. 403. Morris, however, did not object on this ground at trial. Morris’s objection appears to consist solely of the fact that the weapon that the State wished to present was not the instrument of the crime, but was in fact another weapon. The court explained this to the jury, and limited the appearance of the weapon to demonstrative purposes to illustrate the manner in which a single-action pistol is fired.
¶ 5. The admission of demonstrative evidence that is reasonably necessary and material is within the firm discretion of the trial court. Lewis v. State, 725 So.2d 183, 189 (¶ 26) (Miss.1998). Moreover, a court’s determination that demonstrative evidence is appropriate and relevant will be upheld absent an abuse of discretion and prejudice to the defendant. Hansen v. State, 592 So.2d 114, 131-32 (Miss.1991).
¶ 6. There is in fact nothing to suggest prejudice in a situation where the victims of the crime testified to the presence and firing of a gun. Nor is there any prejudice possible when Morris admitted that he had approached the victims armed with a single-action .22 caliber pistol. The sole purpose of the pistol was to demonstrate the manner in which a single-action pistol is fired, and we are satisfied that given the nature of the testimony regarding the involvement of a .22 caliber single-action pistol in the crime, as well as the limiting instructions given by the court, that no prejudice inured to the defendant.
*60 ¶ 7. We find no error in the admission of the demonstrative evidence.
II. DID THE COURT ERR IN REFUSING TO ISSUE CERTAIN DEFENSE INSTRUCTIONS TO THE JURY?
¶ 8. Morris argues that he was denied an instruction on the definition of reasonable doubt, although he did receive the standard instruction stating that the State had to prove its case beyond a reasonable doubt. This Court reviews decisions regarding jury instructions for abuse of discretion. Instructions to a jury are reviewed as a whole, not piecemeal. Malone v. State, 486 So.2d 360, 365 (Miss.1986). Morris intriguingly argues that he could not have been guilty beyond a reasonable doubt because Mississippi does not permit an instruction defining the limits of reasonable doubt. Morris argues that by not requiring the court to define the limits of reasonable doubt, Mississippi is in effect trampling upon the requirement that the State prove its case beyond a reasonable doubt. Mississippi however has a longstanding policy of relying upon jurors to determine whether their doubt is reasonable, and prohibits any instruction that would presume to define the nature of reasonable doubt. Isaacks v. State, 337 So.2d 928, 930 (Miss.1976).
¶ 9. We find no error in the refusal of the requested instruction.
III. IS THE VERDICT CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 10. In reviewing denials of motions for new trial, this Court will not order a new trial unless the verdict is so contrary to the overwhelming weight of the evidence that allowing the verdict to stand sanctions an unconscionable injustice. Gossett v. State, 660 So.2d 1285, 1294 (Miss.1995). In motions for a new trial, the evidence is viewed in the light most consistent with the verdict. Veal v. State, 585 So.2d 693, 695 (Miss.1991). Morris argues that the State’s case is a walking contradiction; no two witnesses agree on certain specific points of the assault, which either did or did not include death threats. He neglects to mention that at the time the threats were uttered, one of the victims of the assaults was in shock and thus unable to hear any threats.
¶ 11. Morris relies on the large number of contradictions about fairly insignificant facts in the testimony to bolster his allegation of error. But this Court is not in the business of retrying cases; the ultimate fact-finder in a criminal trial must remain the jury. The jury heard all of the evidence, and witnessed the demeanor of the witnesses, as well as the give and take of the trial process. We will not substitute our judgment for that of the jury unless great injustice may result from an absolute misreading of the evidence, a situation which has not arisen here, particularly given the fact that Morris’s own statement inculpated him in the assaults.
¶ 12. It is settled that the jury may freely believe and disbelieve testimony to reach a verdict. See Groseclose v. State, 440 So.2d 297, 300 (Miss.1983) (holding jurors are the sole arbiters of witness credibility); Williams v. State, 512 So.2d 666, 670 (Miss.1987) (holding contradictory testimony does not invalidate a verdict); Spiers v. State, 231 Miss. 307, 313, 94 So.2d 803, 806 (1957) (holding that strength of testimony is not the result of a calculus of witnesses). This Court cannot substitute its judgment barring gross malfeasance in assessing the evidence, of which there is no indication in this case.
¶ 13. We affirm the judgment of the trial court denying a new trial.
*61 IV. DID MORRIS RECEIVE AN EXCESSIVE SENTENCE?
¶ 14. Sentencing is an exercise of a court’s discretion within strictly circumscribed guidelines, and so long as the court does not exceed those guidelines, the sentence is presumed legal. Johnson v. State, 461 So.2d 1288, 1292 (Miss.1984). Morris concedes that his sentence is within the legal bounds of a sentence for aggravated assault. His argument that the court relied on improper evidence in the sentencing hearing to determine the extent of Morris’s sentence under the guidelines holds no water, as Morris also acknowledges that the court is permitted great leeway in evaluating sentencing.
¶ 15. However, the matter of the restitution ordered (or, more correctly, not ordered) by the court is entirely different. The court plainly failed to properly vindicate its duties in the order for restitution, stating in the sentencing order that restitution was to be determined at a later time in that term of court. It was not. At the sentencing hearing, there was considerable confusion as to the amount owed for restitution, which confusion contributed greatly to the court’s error. However, as the court did not give a time for restitution, nor a method of payment, nor amount of payment, we must find that the order contemplating restitution in its current form constitutes an illegal imposition of sentence. Green v. State, 631 So.2d 167, 176 (Miss.1994). Thus, we reverse and remand for the court below to fix the terms of restitution.
¶ 16. As to the amount of time to be served, we find no error; as to the requirement of restitution, we reverse and remand.
CONCLUSION
¶ 17. Morris brings four assignments of error. First, he argues that demonstrative evidence'was improperly introduced at his trial. However, he presents no indications of abuse of discretion, and no hint of prejudice is visible. Second, Morris proposes that he was improperly denied an instruction defining reasonable doubt. However, Mississippi is among the handful of states that do not permit the court to instruct jurors on the meaning of reasonable doubt, and so his argument fails. Third, Morris argues that his conviction goes against the overwhelming weight of the evidence; however, this neglects Morris’s own statement to the police and the testimony of the victims, which clearly identified Morris as the perpetrator of the attack.
¶ 18. Morris also assigns as error the form of his sentence. Here we must concur with Morris. The trial court ordered restitution, but did not ever designate the amount of restitution, the time for repayment, or the manner of repayment. This is a clear error on the part of the court below, and we must therefore reverse and remand the order for restitution that it may be corrected.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY OF CONVICTION OF COUNT III AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH EIGHT YEARS SUSPENDED AND COUNT IV SIMPLE ASSAULT AND SENTENCE OF SIX MONTHS IN THE JACKSON COUNTY JAIL TO RUN CONCURRENTLY TO SENTENCE IN COUNT III IS AFFIRMED, AND THE JUDGMENT REQUIRING RESTITUTION IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*62 McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.