936 So.2d 322 (2006)
Dennis DOBBS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2004-KA-01638-COA.
Supreme Court of Mississippi.
April 11, 2006.
Rehearing Denied August 15, 2006.
*323 Jeffrey J. Hosford, attorney for appellant.
Office of the Attorney General, by Deirdre McCrory, attorney for appellee.
Before LEE, P.J., IRVING and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Dennis Dobbs was convicted in the Clay County Circuit Court of simple assault on a law enforcement officer. He was sentenced as a habitual offender to serve a term of five years in the custody of the Mississippi Department of Corrections. The trial court denied Dobbs's motion for a new trial, or in the alternative, judgment notwithstanding of the verdict (JNOV). Aggrieved by his conviction and sentence, Dobbs appeals. Finding no error, we affirm.

FACTS
¶ 2. On December 6, 2002, Dobbs was a prisoner on trusty status in the Clay County Jail in West Point. As a prisoner on trusty status, he worked outside the jail picking up garbage for the county sanitation department. When Dobbs returned from work that day, the dispatcher, Beth Luna, believed that he was intoxicated, due to a strong smell of alcohol. Luna called the jailer on duty and requested that Dobbs be checked for alcohol use. Dobbs was tested three times on the Intoxilyzer, and all three tests revealed that he had a blood alcohol concentration above .17.
¶ 3. After the third test was administered, the officers informed Dobbs that he would be required to enter a screening cell, or "drunk tank." Dobbs protested and argued that the tests were incorrect. He refused to go into the screening cell. Deputy Joe Huffman explained to Dobbs that the rules required him to do so, and eventually Dobbs agreed to enter the cell. When jailer Danny Banks unlocked the door, however, Dobbs refused to comply. Deputy Huffman was then summoned for assistance.
¶ 4. Deputy Huffman approached Dobbs and asked him to go into the screening cell. Dobbs adamantly refused, insisting that he had not been drinking. Deputy Huffman testified that Dobbs's "demeanor kept getting louder" and that he "kept throwing his hand in the air stating that he was not going to go in there." According to the testimony of Banks and Deputy Huffman, Dobbs initiated physical confrontation by grabbing the collar of Deputy Huffman's shirt. A scuffle ensued, as the two men wrestled from one side of the hallway to the other. Deputy Huffman gained control by wrestling Dobbs to the floor. Just as Dobbs appeared to relent, he suddenly flipped Deputy Huffman over his head. Eventually, Banks and Deputy Huffman were able to place Dobbs in the cell.
¶ 5. During the trial, Dobbs testified that Deputy Huffman intentionally struck him in the groin during the scuffle. Dobbs further testified that he threw Deputy Huffman over his head because he was being choked. According to Dobbs, he had to resist Deputy Huffman to avoid being harmed. The jury heard contrary testimony from Banks and Deputy Huffman, both of whom testified that Dobbs initiated the physical confrontation, and that he threw the deputy over his head after pretending to give up the struggle. Both the prosecution and the defense played a partially obstructed videotape of the events in question *324 while examining witnesses, including Dobbs. The jury also heard testimony from Luna, the jail administrator, and several inmates of the Clay County Jail.
¶ 6. On July 22, 2004, Dobbs was convicted on the charge of simple assault on a law enforcement officer. The trial court denied Dobbs's motion for a new trial or, in the alternative, a JNOV. Aggrieved by the trial court's decision, Dobbs appeals. He asserts that the trial court erred by failing to properly instruct the jury as to self-defense.

STANDARD OF REVIEW
¶ 7. "In determining whether error lies in the manner in which the jury was instructed, the various requested instructions are not considered in isolation. Rather, the instructions actually given must be read as a whole." Sheffield v. State, 844 So.2d 519, 524(¶ 12) (Miss.Ct. App.2003) (citing Turner v. State, 721 So.2d 642, 648(¶ 21) (Miss.1998)). When read as a whole, if the instructions fairly announce the law of the case and create no injustice, then no reversible error will be found. Johnson v. State, 908 So.2d 758, 764(¶ 20) (Miss.2005) (citing Williams v. State, 863 So.2d 63, 65(¶ 5) (Miss.Ct.App. 2004)).

ISSUE AND ANALYSIS

I. Whether the trial court erred by failing to properly instruct the jury as to self-defense.
¶ 8. During trial, Dobbs testified that he threw Deputy Huffman over his head in self-defense, but that he did not intend to do the deputy any harm. Based on this testimony, Dobbs argues that there was credible evidence in the record to support his claim of self-defense. Consequently, Dobbs argues that the trial court denied him a fair trial when it declined to give the jury his requested instructions on self-defense, labeled D-2, D-3, and D-5.
¶ 9. The State argues that the trial court properly refused the jury instructions requested by Dobbs because they were repetitive. We agree. Although a defendant is entitled to jury instructions which present his theory of the case, "this entitlement is limited to instructions that correctly state the law, are not covered fairly elsewhere in the instructions, and have a foundation in the evidence." Sproles v. State, 815 So.2d 451, 454(¶ 9) (Miss.Ct.App.2002) (citing Heidel v. State, 587 So.2d 835, 842 (Miss.1991)). Furthermore, "the trial court is not required to grant several instructions on the same question in different verbiage." Sproles, 815 So.2d at 454(¶ 9) (citing Ragan v. State, 318 So.2d 879, 882 (Miss. 1975)).
¶ 10. Requested jury instruction D-2 read as follows: "[t]he Court instructs the jury that if you find that the Defendant, Denis [sic] Dobbs, on or about December [sic] 2002, acted in necessary self defense from Deputy Joe Huffman, then you SHALL FIND THE DEFENDANT NOT GUILTY of Simple Assault of a Law Enforcement Officer." The State argues that this instruction was adequately covered by instruction S-2, which was granted. Instruction S-2 stated in part that Dobbs should be found guilty as charged if the jury finds that he "unlawfully, willfully, feloniously, purposely, and knowingly [caused] or [attempted] to cause bodily injury to Deputy Joe Huffman . . . without authority of law and not in necessary self defense." We find that the limited subject matter of instruction D-2 was adequately covered by S-2. Thus, the trial court did not err in denying instruction D-2.
¶ 11. Dobbs also argues that the trial court erred in refusing to grant instruction *325 D-3. Requested jury instruction D-3 read as follows:
Dennis Dobbs has been charged with the offense of Simple Assault upon a Law Enforcement Officer.
If you find from the evidence in this case the State FAILED to prove in this case BEYOND A REASONABLE DOUBT that:
1. Dennis Dobbs, on or about December 6, 2002 in Clay County;
2. Unlawfully, willfully, purposely and knowingly cause or attempt to cause bodily injury to Joe Huffman;
3. By repeatedly grabbing Joe Huffman with his hands and wrestling with him;
4. Joe Huffman was a law enforcement office [sic];
5. Joe Huffman was acting within the scope of his duty as a law enforcement officer, and further;
6. Dennis Dobbs was not acting in self defense;
then you shall find the defendant NOT GUILTY of the Charge of Simple Assault on a Law Enforcement Officer.
The trial court ruled found that this instruction was repetitive to instruction D-1, which was granted. Instruction D-1 read as follows:
The Court instructs the Jury that if you find that the STATE failed to prove beyond a REASONABLE DOUBT that the Defendant, Den[n]is Dobbs, did on or about December 6th, 2002, did unlawfully, willfully, purposely and knowingly cause or attempt to cause bodily injury to Deputy Joe Huffman, a law enforcement officer with the Clay County Sheriff's Department, at a time when the said Deputy Joe Huffman was acting with the scope of his official duties and office, by repeatedly grabbing the said Deputy Joe Huffman with his hands and wrestling with him, without authority of law not in necessary self defense, then you SHALL FIND THE DEFENDANT NOT GUILTY of Simple Assault of a Law Enforcement Officer.
We fail to see any meaningful difference between instruction D-1, which was granted by the trial court, and instruction D-2. Accordingly, we find that the trial court did not err in refusing to grant instruction D-2.
¶ 12. Finally, Dobbs argues that the trial court erred in refusing to grant instruction D-5, which read as follows:
The Court instructs the Jury that if you believe from the evidence in this cause that Deputy Joe Huffman committed an unprovoked or unnecessary assault or attack upon the Defendant, Dennis Dobbs, while giving a Command to Mr. Dobbs a State Inmate, then in the event the defendant had the right to resist said unprovoked or unnecessary attack, and if you further believe the defendant's use of this force was not more than reasonably necessary for his own protection and that the defendant's conduct did not cause the assault, then you should find the defendant NOT GUILTY.
The trial court refused to grant instruction D-5, holding that the jury was properly instructed by instructions S-4 and D-4. Instruction D-4 required the jurors to render a verdict of not guilty if they determined that Deputy Huffman "used excessive force that was not reasonably necessary to compel Dennis Dobbs to comply with his order." Instruction S-4 stated in part that "an officer may use such force as is reasonably necessary" to compel an inmate to comply with his lawful order, but he may not use excessive force to accomplish this purpose. S-4 further instructed the jurors that if they found "beyond a reasonable doubt that Joe Huffman was *326 using only such force as was reasonably necessary . . . then Joe Huffman was justified in his use of that force and the defendant cannot claim a right to resist that force."
¶ 13. We find that the jury was properly instructed by instructions S-4 and D-4, which effectively conveyed the message that Deputy Huffman's actions were not justifiable if he used excessive force. If the jurors determined that Deputy Huffman used excessive force, then they were required to render a verdict of not guilty. Although instruction D-5 does not use the language "excessive force," it does ask the jurors to determine whether Deputy Huffman's actions were "unnecessary." The trial court was not required to grant several instructions that used different wording to address the same issue, i.e., whether Dobbs was subjected to excessive, or unnecessary force. Therefore, this issue is without merit.
¶ 14. THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT OF CONVICTION OF SIMPLE ASSAULT ON A LAW ENFORCEMENT OFFICER AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ROBERTS, JJ., CONCUR.